due by virtue of this benefit certificate, as required by the laws of defendant. The allegation of demand is affirmatively made in the complaint, and not denied by the answer. While it may be spelled out from the answer that the reference therein to subdivision 8 was intended to refer to subdivision 9, which contains the averment of demand, yet, in a technical defense of this kind, the pleading will be construed most strictly against the pleader.

The judgment and order are affirmed, with costs to the respondent. All concur.

(42 App. Div. 524.)

### FINN v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

RAILROADS—CONTRIBUTORY NEGLIGENCE OF CHILD—QUESTION FOR JURY.

> In an action for injuries to a child the evidence disclosed that she was six years old; that she went upon defendant's track as an engine was approaching, of which she was unconscious; that in crossing the track, which was laid on a public street, her back was to the engine, which, although in plain sight, gave no signal of its approach, and moved quietly; that when she got on the track her attention was called to the danger by the shouting of a bystander, and she attempted to avoid it, but too late. *Held*, that it cannot be said, as a matter of law, that she was guilty of contributory negligence.

Appeal from trial term, Oswego county.

Action by Mary Finn, by her guardian ad litem, against the Delaware, Lackawanna & Western Railroad Company. There was a nonsuit, and from an order granting a new trial the defendant appealed. Affirmed.

On the 18th day of October, 1893, at about half past 10 o'clock in the forenoon, the plaintiff, who was then a child but a little more than six years of age, was struck by one of the defendant's locomotives, and her left foot was injured to such an extent that it subsequently became necessary to amputate a considerable portion of the toes of that foot. Water street, in the city of Oswego, which was the scene of the accident, runs north and south, and is but 38 feet in width. A short distance south of the point where the plaintiff received her injury, Water street is intersected and crossed by Van Buren street, which runs east and west, and is 66 feet in width. The defendant's track is laid upon the surface of Water street, and the locomotive which came into collision with the plaintiff was backing thereon towards the north at the rate of about 5 miles an hour. The plaintiff resided with her parents upon First street, the next street west of, and running parallel to, Water street. On the morning in question she had started from home to go to her aunt's in another part of the city. She walked upon the north side of Van Buren street, and, as she reached a point near the northwest corner of Water street, the defendant's engine was moving across Van Buren street, having just emerged from behind the Scanlon house, which stood upon the southwest corner of Water street, and, when the plaintiff reached the corner, the engine was about half way across the street. At this point the plaintiff discovered her sister playing with some other children upon the east sidewalk of Water street, in front of a house occupied by a family by the name of Griggs, and she thereupon started to cross the street to join her sister. She walked in a diagonal line, with her back or side turned towards the direction from which the engine was approaching, and, as she stepped upon the defendant's track, she was struck by the engine, thrown to the ground, and injured in the manner hereinbefore mentioned. The point at which the accident occurred was 18 feet north of the north line of Van Buren street, and for this distance of 18 feet the west rail of the defendant's track was but 2 feet 10 inches from the outer edge of the

sidewalk on the west side of Water street. There was no flagman at the inter-section of these two streets, and no warning of any kind was given of the ap-proach of the defendant's locomotive. At the close of the plaintiff's case a non-suit was granted, upon the ground that the defendant's negligence was not the proximate cause of the injury; but thereafter a new trial was granted by the learned trial justice, and from the order granting the same this appeal is brought.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

William S. Jenney, for appellant.
Elisha B. Powell, for respondent.

ADAMS, J. The evidence upon the part of the plaintiff tends to prove that the defendant's locomotive was passing through a narrow street, in a populous portion of the city, where children were in the habit of congregating in front of their homes, without giving any signal of its approach, and without taking any precaution whatever to avoid just such accidents as the one which occurred upon the occa-sion in question. This certainly was gross negligence, and it was so clearly established that no attempt was made upon the argument to deny it. On the contrary, the learned counsel for the defendant, virtually conceding the negligence of his client, took refuge in the contention that such negligence cannot be said to have caused the accident complained of, inasmuch as the plaintiff was, at the time it occurred, an infant of such tender years that she would not have heeded or appreciated the means ordinarily employed to warn people of impending danger, had such means been adopted in the present instance. This proposition, however, does not commend itself to us as one which can be successfully maintained, in view of the circum-stances surrounding the case. The plaintiff was a bright, intelligent child for one of her years, and she had occasionally been sent to the locality of the accident upon errands for her mother. She had seen engines frequently, as they passed along Water street, and presum-ably knew something of their dangerous character; and it is but fair to assume that, had her attention been directed to this particular engine, and to the fact that it was coming towards her at a compara-tively rapid rate, by the ringing of a bell or the sounding of a whistle, she would have paid some heed to the warning, and have avoided the consequences which ensued. That such an assumption is not alto-gether unwarranted is made evident by the testimony of the witness Thomas Ryan, who tells us that he watched the little girl as she started across the street, and, when he discovered how imminent the danger was, he hallooed to her, and that she then turned, and, seeing the engine immediately upon her, became confused and excited, and, instead of stepping off the track at the east side thereof, turned around, with the apparent intention of retracing her steps, and was struck.

But the omission of the ordinary signals is not the only factor in the case which tends to establish negligence upon the part of the defend-ant. Under the circumstances, to which reference has already been made, the jury would have been at liberty to find, had the case been submitted to them, that the defendant was called upon to furnish

some other means for the protection of the public at this particular locality than those which are ordinarily employed at a crossing of the highway in the country; and, had there been a flagman stationed there at the time of the accident, it is quite possible that the accident would not have occurred. Vandewater v. Railroad Co., 135 N. Y. 583, 32 N. E. 636. But, even were this not the case, we fail to see how it can be held, as a matter of law, that the plaintiff would not have availed herself of any proper effort made for her protection, had the opportunity been afforded her.

The case of Chrystal v. Railroad Co., 124 N. Y. 519, 26 N. E. 1103, cited by the learned counsel for the defendant in support of his contention, has no application to the facts here presented; for in that case the infant was a mere baby, about 17 months old, who had escaped from his mother, and, finding his way onto the railroad track by crawling under a gate, tottered along towards the rapidly approaching engine, clapping his hands with gleeful pleasure, unconscious of, and manifestly without the capacity to realize, the danger which threatened him.

It is insisted, however, that, even conceding the defendant's negligence, the plaintiff ought not to recover by reason of her own contributory negligence; and it is at this point that we are brought into contact with the vital question in the case. That the locomotive which struck the plaintiff was in plain sight for at least 84 feet before it reached the point where the accident occurred is undisputed. That the plaintiff might have seen it, had she looked, and that she did not look, are facts too clearly established to admit of controversy; and it is equally clear that, had she been of sufficient age to enable the court to determine, as a matter of law, that she was sui juris, these facts would not only have justified, but they would have compelled, a nonsuit. The difficulty, however, which here presents itself, arises from the fact that the law finds it impossible to determine arbitrarily at what age an infant may be deemed capable of exercising that degree of judgment and discretion which shall make it responsible for its acts of commission or omission; and we know of no case where it has been held, as a proposition of law, that a child six years of age was chargeable with negligence.

In the case of Wendell v. Railroad Co., 91 N. Y. 420, it was held that a lad seven years old was, under the peculiar circumstances of the case, capable of appreciating, and that he did appreciate, the peril of the situation which confronted him; and, because the evidence placed it beyond doubt that he recklessly encountered the peril, it was further held that a recovery could not be had. But in a more recent decision, in which that case was considered and commented upon, it was said that the trial court had labored under a misapprehension "in supposing that it [the Wendell Case] decided, as a proposition of law, that a child of seven years was capable of exercising judgment, so as to be chargeable with contributory negligence." Stone v. Railroad Co., 115 N. Y. 104–110, 21 N. E. 712. And more recently still this court has held, under circumstances quite similar to those here present, save that the accident was caused by a car propelled by electricity, instead of by a locomotive, that whether or not

an infant seven years and two months old was sui juris must be left to the determination of the jury as a question of fact. Penny v. Railway Co., 7 App. Div. 595, 40 N. Y. Supp. 172. And on appeal this decision was affirmed, the court of appeals holding expressly that it was not error in the trial court to refuse to charge that if the jury found that the plaintiff saw the car coming, and heard the signal, and ran out in front of the car for the purpose of getting across the street ahead of it, and failed, he was guilty of contributory negligence, as a matter of law, which barred a recovery. Penny v. Railway Co., 154 N. Y. 770, 49 N. E. 1101. In that case, as in this, the infant was bright and intelligent. He was familiar with the locality where the accident happened, and with the danger which he was liable to encounter from the cars passing along the street, against which danger he had been frequently cautioned; and yet, in a moment of forgetfulness, caused, doubtless, by his anxiety to reach home before dark, in order to avoid punishment, he recklessly ran out in front of a car which was approaching in plain sight, and received an injury which resulted in the loss of his right leg.

We have said that the circumstances of the two cases are quite parallel, and such is, indeed, the fact; but, if there are any distinguishing features, we think they will be found to favor the plaintiff's contention in this case, the simple undisputed facts of which may be thus epitomized: A child six years of age approaches a railroad track upon which a locomotive is coming towards her. Unconscious of the danger which menaces her, and intent only upon joining her playmates upon the opposite side of the street, she proceeds to cross the defendant's track, with her back towards the locomotive, which, although in plain sight, is giving no signal of its approach, and moving along so quietly that several witnesses of the accident testified that they did not hear it. When upon the track the child's attention is called by a bystander to the danger which threatens her, but too late to enable her to avoid it, and she is struck. Under these circumstances, can it be said, as a matter of law, that she was guilty of contributory negligence? We are not unmindful of the rule which requires even infants to approach a known danger with some degree of care and prudence, but the measure of care required in such cases is largely dependent upon the age of the child, its intelligence, and the circumstances under which the danger is approached. In view of the facts disclosed in the foregoing recital, and of the authorities to which reference has been made, and especially in view of the conceded negligence of the defendant, we feel constrained to answer the question just propounded in the negative, and, consequently, to sustain the conclusion finally reached by the trial court, that the case presents questions of fact which should have been submitted to the jury.

Order affirmed, with costs. All concur.