WALTER L. LAMPMAN, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Railroad train — failure to give notice on approaching a station — the fact that a horse is frightened by the noise of the train and runs into it gives no cause of action.*

The failure, when a railroad train is approaching a highway crossing, to give notice thereof by either bell or whistle does not render the railroad company liable for injuries sustained by a person seated in a wagon standing upon the highway ninety-five feet from the crossing waiting for a friend in consequence of the fact that his horse, which was facing the crossing, became frightened at the rattling of the approaching train and ran away over the crossing, causing the wagon to collide with the train, especially where there is no evidence that the injured person's conduct was influenced in the smallest degree by the omission of the warning signals.

SMITH, J., dissented.

APPEAL by the plaintiff, Walter L. Lampman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Columbia on the 23d day of October, 1901, upon the dismissal of the complaint by direction of the court after a trial at the Columbia Trial Term.

*G. K. Daley*, for the appellant.

*Robert F. Wilkinson*, for the respondent.

FURSMAN, J. :

The plaintiff was in his wagon ninety-five feet from a railroad crossing waiting for a friend. His horse was standing. A train of the defendant approached the crossing without ringing a bell, or blowing a whistle, or giving any other warning of its approach than the usual noise which always accompanies a moving train of cars. The " rattling " of the approaching train frightened the horse and it ran away over the crossing and the plaintiff was struck and injured. This is the whole case of the plaintiff. Did the defendant under these circumstances owe any duty to the plaintiff? I think not. The purpose and object of blowing a whistle or ringing a bell when a train approaches a crossing is to warn persons who are about to cross of the danger of doing so. The company is not required to inform persons who are as far distant as ninety-five feet from the crossing seated in a wagon, the horse attached to which is standing

quietly in a place of absolute safety, that a train is about to run over the crossing, lest upon its failure to do so the horse may become frightened by the noise of the train and run away. If such warning must be given under such circumstances then it must be given to all persons however distant, and whether upon a highway which crosses the railroad or not, provided only they are near enough to hear the bell or whistle, and if in such case it is omitted and a horse is frightened by the noise of the train and runs away and the driver is injured the company is liable. It is not important to this question that the horse ran towards the crossing and the plaintiff was struck by the train. The theory upon which the plaintiff must recover, if at all, is that the failure to ring the bell or blow the whistle induced him to remain where he was until his horse became frightened and ran away. The right of recovery would be equally perfect if the horse had been standing with his head from instead of towards the train and had been frightened by it and ran. The signals are a warning not to attempt the crossing, and are not for the purpose of enabling a party whose horse is standing still to adopt some measure to the end that he may not be scared, or, being scared, may not run away. The action is predicated upon the supposition that the plaintiff would have had time to turn around, or drive under a convenient shed, or do something else before the train came into view if the defendant had not omitted to give warning of its approach. But those in charge of the engine were not bound to signal him to do any of these things. They were bound to signal persons approaching the crossing of the danger of attempting to pass over it, but the plaintiff was not approaching the crossing when his horse became frightened, nor even intending at that time to immediately cross over it. He was simply waiting for his friend, and had no intention to proceed until his friend arrived. Moreover, there is not a particle of evidence that his conduct was in the smallest degree influenced by the omission of the warning signals. To charge a party with responsibility for an injury resulting from negligence it must be made to appear that such negligence was the immediate cause of the injury. There is not a word of evidence tending to show that the plaintiff depended upon the omitted signals, or would have done anything he did not do if they had been given. That he was listening for the

signals does not tend to show that if he had heard them he would not have remained precisely where he was when his horse took fright. It must, of course, be conceded that if the whistle had been blown and the bell rung the whole duty of the defendant would have been discharged. Inasmuch as the omission to give this warning had no relation whatever to the conduct of the plaintiff in the management of his horse, it cannot justly be said that this neglect caused or even contributed to the accident by which the plaintiff was injured. The judgment must be affirmed.

All concurred, except SMITH, J., dissenting in an opinion; PARKER, P. J., and CHASE, J., concurred in result.

SMITH, J. (dissenting):

Upon April 26, 1900, plaintiff was struck by one of defendant's engines at a highway crossing in the village of Craryville, Columbia county, N. Y. That the defendant failed to give warning, either by bell or whistle, of the approach of this train to the crossing is shown by the evidence of several witnesses, who swear positively that they were listening for such warning and heard none. The fact of the plaintiff's freedom from contributory negligence was one for the determination of the jury within well-settled authorities. This judgment is sought to be sustained upon two grounds: *First,* that the defendant owed no duty to the plaintiff, because the plaintiff was not in the act of crossing the defendant's tracks; *second,* that plaintiff has not shown that the defendant's failure to give warning caused plaintiff's injury.

Upon the highway crossing the defendant's tracks, and about ninety-five feet from said tracks, was a hotel, in front of which the plaintiff was standing with his horse, facing the railroad. He was there waiting for a man from the hotel, who was to ride with him to a sale. It does not appear whether or not in going to this sale the plaintiff was required to cross the track. While thus waiting the defendant's train approached the crossing without warning. The horse became frightened, reared and plunged, and, getting beyond the control of the plaintiff, ran across the track. In crossing the wagon was struck by the defendant's engine and the injury thus caused. The defendant first claims that, inasmuch as there is no evidence that the plaintiff was intending to cross defendant's tracks,

the defendant owed him no duty to give warning of the approach of this train. To this claim I cannot accede. Formerly the statute required specific notice to be given of an approach to a highway crossing. While that statute has been repealed the duty is still held to exist to give a reasonable warning of approach. The right to the free use of the highway belongs to every one, whether about to cross the railroad track or not; and the warning required of the approach of a train is, I believe, for the use of all those who have occasion to use that highway, whether about to cross the railroad tracks, or whether with horses liable to be frightened they are making use of the highway for legitimate purposes at points near the crossing. The rule as thus stated does not impose upon the railroad the duty of giving warning where the highway approaches the track but does not cross the same. Where, however, the highway is intersected the duty of giving warning of the approach of trains rests upon the company for the benefit of all travelers upon the highway. This plaintiff had, I think, the right to assume that the defendant would perform the duty which the law has placed upon it, by giving reasonable and adequate notice of the approach of its train. And that duty was, I think, owing to the plaintiff, irrespective of his intention either to cross or not to cross defendant's tracks.

The trial court has held that there was not sufficient evidence to justify a finding of the jury that the defendant's negligence has caused this injury. The court stated upon its decision that there was no proof that, if a warning had been given, the plaintiff intended to turn around, and that there was no opportunity to turn around and get away from the crossing, even if plaintiff had been warned of the approach of the train. In front of the hotel the road was twenty-eight feet wide. It cannot, therefore, be said, as matter of law, that it was impossible for the plaintiff to have turned around and escaped the danger. But whether he could or not, he might have obtained assistance from some of those near by. The plaintiff swears that he was listening for the approach of the train. Evidence would have been inadmissible of what was his intent if warning had been given. In *Finn* v. *D., L. & W. Railroad Company* (42 App. Div. 524) it was held, "That it could not be said, as a matter of law, that the plaintiff would not have availed herself of a proper signal

of the approach of the locomotive, if one had been given." It is difficult to conceive how the plaintiff could have proven in any other way that the defendant's negligence caused this injury. In this case it appears that the fright of the horse and the consequent injury was the result of the approach of the defendant's train, and that approach was made without the warning which the law requires. With the further fact appearing, that the characteristics of the horse were unknown to the plaintiff, and that he was on the lookout for the warning which he had a right to expect, I think the real cause of the injury becomes a question of fact for the jury, and the court could not, as matter of law, say that he would not have availed himself of that warning to protect himself, either by turning his horse from the place of danger, or by securing help from some of those standing near. I am of opinion, therefore, that the complaint was improperly dismissed, and that the plaintiff is entitled to a new trial of this action.

Judgment affirmed, with costs.