(77 App. Div. 43.)

## SMITH v. LEHIGH VAL. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   November 18, 1902.)

1. COURTS—DECISION OF COURT OF APPEALS—CONTRIBUTORY NEGLIGENCE—EFFECT.

Decisions of the court of appeals as to what constitutes contributory negligence, in actions for injuries at railroad grade crossings, and under what circumstances and on what evidence that question should be submitted to the jury, are binding on the appellate division.

2. RAILROADS—INJURIES AT CROSSINGS—NEGLIGENCE—INSTRUCTIONS.

Where plaintiff, in an action for the killing of his intestate by defendant railroad company in a grade-crossing accident, alleged as the only grounds of negligence defendant's failure to ring the bell and sound the whistle, an instruction submitting to the jury the issue as to the signals by bell and whistle, and in addition leaving it to the jury to say whether those signals, if given, constituted a timely warning, or adequate and sufficient . protection under the circumstances of the case, charging them that if they did not defendant was guilty of negligence which rendered it liable, was erroneous as permitting the jury to speculate as to what defendant should have done, and, because that might have been omitted, to find negligence not alleged.

Appeal from special term, Ontario county.

Action by Porter D. Smith against the Lehigh Valley Railroad Company.   From a judgment in favor of plaintiff and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Bissell, Carey & Cooke and James Mitchell, for appellant.
Raines, Miller, Werner & Harris, for respondent.

WILLIAMS, J.   The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

The action was brought to recover damages for injuries to the plaintiff, alleged to have been caused by the negligence of the defendant.   The injuries were received in a railroad crossing accident, which occurred about midnight of February 24, 1900, at Farmington station, on the defendant's road.   The plaintiff, his wife, two sons, and three daughters, riding in a two-seated carriage, drawn by two horses and driven by one of the sons, were crossing the defendant's railroad tracks.   The carriage was struck by the engine of a fast express train, and the wife, the three daughters, and one son were killed.   The plaintiff and the son who was driving were the only survivors.   An action was brought by this plaintiff, as administrator of his wife, to recover for her death in that accident. That action was tried, and resulted in a verdict for the plaintiff.   An appeal was taken to this court, where the judgment and order denying a motion for a new trial upon the minutes were affirmed.   61 App. Div. 46, 69 N. Y. Supp. 1112.   An appeal was taken to the court of appeals, where the judgment and order were reversed, and a new trial granted.   170 N. Y. 394, 63 N. E. 338.   Upon the appeal in that case we declined to hold that the verdict was contrary to the evidence, upon the questions of defendant's negligence and

the absence of contributory negligence. The court of appeals held that it could not be said as a matter of law that the defendant was free from negligence, or that the plaintiff's intestate was guilty of contributory negligence. The reversal by that court was for an error in the charge of the trial justice. When that case was before this court we examined and considered carefully all the evidence as to the accident, and the questions of negligence on either side, and an examination of the record upon this appeal leads us to the same conclusion we arrived at in the former case. The evidence here is quite as strong in support of this verdict as the evidence in the former case was in support of the verdict therein. This court would not be justified, under the recent decision of the court of appeals as to contributory negligence in these crossing accident cases, in holding that this verdict was contrary to the evidence. While we have power to afford such relief in a proper case, we must still have in mind, and be governed by, the decisions of the court of last resort as to what constitutes contributory negligence, and under what circumstances and upon what evidence that question is within the province of the jury and is not to be determined by the court. It is in this sense that we said in the former case that the court of appeals had left us little to do in reviewing this question in crossing cases. The court of appeals reviewed the evidence in that case very fully, and expressed its opinion quite decidedly to the effect that the questions of negligence and contributory negligence were for the jury, and, if we needed anything to confirm our opinion expressed in that case, we could readily find it in the opinion of the court of appeals.

There is, however, a question involved in this appeal which was not presented or considered in the former case when it was before us. The only ground of negligence then submitted to the jury was the failure to ring the bell and sound the whistle. The court expressly limited the issue of negligence to the failure to give these signals. In the present case the court did not so limit the issue. It submitted to the jury the issue as to the signals by bell and whistle, but it did not stop there. It further left it to the jury to say whether these signals, if given, constituted a timely warning, or adequate and sufficient protection under the circumstances of the case; charging that if they did not then the defendant was guilty of negligence which rendered it liable in the case. Neither the counsel for the plaintiff nor the court suggested any other act or thing which might or should have been done by the defendant, and the failure to do which the jury might find constituted negligence. The jury were left, each one for himself, to speculate in his own mind as to what the defendant should have done, and because that was not done to find negligence which rendered the defendant liable. It is undoubtedly true that, under some peculiar circumstances, the usual ordinary crossing signals by bell and whistle might be held not fairly to measure the full duty of the railroad in approaching a grade crossing. Such a case was Petrie v. Railroad Co., 63 App. Div. 475, 71 N. Y. Supp. 866, affirmed 171 N. Y. 638, 63 N. E. 1121. The crossing in that case was a particularly dangerous one,—one as to which the rule referred to might be well applied and was applied.

It may be doubted whether the crossing in this case was one, under the circumstances surrounding this accident, to which the rule would be applicable. It was no more dangerous in itself than ordinary crossings. The only circumstance which rendered it peculiarly dangerous at the time in question was the atmospheric condition, the wind, the storm. Under ordinary circumstances, and at ordinary crossings, the usual signals by bell and whistle would be the full measure of the duty of the railroad company in giving warning of the approach of a train to a crossing. I am not prepared to say that the crossing and the circumstances attending the accident in question were not such as to permit the application of the rule laid down in the Petrie Case, and that the jury were not authorized to find that the defendant failed to perform its full duty of giving warning of the approach of this fast express to the crossing, even though it gave the usual signals by bell and whistle. The more serious question is whether the court submitted that question to the jury in a proper way. It would not do to say to a jury that it was the duty of a railroad company to give timely, adequate, and sufficient warning of the approach of its train to a crossing, and if it did not do that it was guilty of negligence. That would leave the jury to speculate, each man for himself, as to what was timely, adequate, and sufficient warning, and some or all of the jury might well base a verdict upon some thing which, if known to the court, would be held improper. The ordinary rule has always been to suggest what warning the plaintiff claimed should have been given, and leave it to the jury to say whether it was necessary to give that warning, and whether in fact it was given. And this rule has ordinarily been applied to the signals by bell and whistle. When it is claimed these signals are inadequate and insufficient, under the peculiar circumstances of any case, then certainly the plaintiff should suggest what other things should have been done by way of giving warning, and the jury should then have been left merely to say whether the things suggested should have been done and whether they were in fact done. The rights of the parties would then be fully protected, and only proper questions would be passed upon by the jury. Under a general charge such as was given in this case, that the jury might say whether the defendant performed its full duty by way of warning, even if it gave the usual signals by bell and whistle, without any suggestion as to what it was claimed the defendant had still left undone, the jury were left to speculate, to conceive in their own individual minds, of any fanciful or ridiculous warning that the defendant should have given, and because it did not give that to find negligence was established.

I do not think this distinct question was passed upon in the Petrie Case. When that case was before this court the prevailing opinion expressly stated that the exception by the defendant was not sufficiently explicit to fairly raise this question, and that the charge in its entirety was not open to this criticism. The court of appeals affirmed that case without opinion, and we may well assume their decision was made without passing upon this question. It seems to me the court of appeals never have held such a general charge proper,

and will never do so, when the question is properly before it. The question is not so pointedly presented in this case as it might have been, but I think it is sufficiently raised to require us to pass upon the propriety of this form of presentation to the jury, and for error in this regard the judgment should be reversed, and a new trial granted, with costs to appellant to abide event.

McLENNON, SPRING, and HISCOCK, JJ., concur in result upon the ground that under the conditions surrounding the crossing and accident in question it should be held as matter of law that if the signals were given as claimed by the defendant they were sufficient.