not be chargeable with negligence for failing to discover the defect in the stick. The negligence consisted in failing to provide for such reasonable inspection as might have disclosed the infirmity. The deceased was not charged with any obligation or duty in this respect. The defendant was. Consequently, so far as the facts in the present case are concerned, it is not necessary to determine whether the employers' liability act has increased the liability of the master for defective machinery and appliances. It is sufficient now to say that the jury were authorized to find that the defendant had not discharged the obligation which the law imposed upon him in providing for a reasonable inspection by which the defect would or might have been discovered. It is quite probable that if the deceased had knowledge of the infirmities existing in the jack, and then chose to make use of the same, he would be held to have assumed the risks incident to such use, notwithstanding the statute. McLaughlin v. Eidlitz, 50 App. Div. 518, 522, 64 N. Y. Supp. 193; Stewart v. Ferguson, 44 App. Div. 58, 60 N. Y. Supp. 429; Id., 34 App. Div. 515, 54 N. Y. Supp. 615. The cases relied upon by the defendant upon both branches of the question disclosed in this case are clearly distinguishable, and none of them hold that a defect is latent which may be discovered by reasonable inspection. On the contrary, such inspection is required in discharge of the duty imposed by law, where the defect may be discovered. Smith v. N. Y. C. & H. R. R. R. Co., 164 N. Y. 491, 58 N. E. 655. The rule of those cases finds application here, for the reason that upon this evidence the jury would be authorized to find that reasonable inspection would have disclosed the defect which existed in the jack.

It follows that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concur. LAUGHLIN, J., concurs in result, on the ground that a cause of action under the employers' liability act was shown. PATTERSON, J., dissents.

---

### SMITH v. LEHIGH VAL. R. CO.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. RAILROADS — CROSSING ACCIDENT — INJURIES—TRIAL — INSTRUCTIONS — REMARKS OF COURT.

On appeal in an action against a railroad company for injuries sustained by plaintiff in a crossing accident, when a blinding snowstorm prevailed, the Appellate Division reversed the judgment, and held that, if signals were given by bell and whistle, as claimed by defendant, it was, as a matter of law, not guilty of negligence; and on the next trial the court instructed that the jury should determine whether the signals were given, and, if so, whether, under the circumstances, they were sufficient to give due and timely warning to plaintiff. An exception was taken to the instruction, and the court stated that he believed that the Appellate Division did not fully understand the facts in the case, or they would not have laid down the rule; but at length the court charged on defendant's request in accordance with the rule as laid down by the Appellate Divi-

sion, but gave the jury no explanation as to the former instructions, and made no retraction. *Held*, that there was error, since the jury might have believed that the law of the case was doubtful.

Appeal from Trial Term, Monroe County.

Action by Porter D. Smith against the Lehigh Valley Railroad Company. From a judgment in favor of plaintiff for $20,000, defendant appeals. Reversed.

See 84 N. Y. Supp. 1146; 82 N. Y. Supp. 674; 80 N. Y. Supp. 390; 79 N. Y. Supp. 106; 69 N. Y. Supp. 1112; 63 N. E. 338.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Bissell, Carey & Cook, for appellant.
Raines, Miller, Werner & Harris, for respondent.

STOVER, J. This case was before this court upon an appeal from a judgment rendered upon a former trial, and the facts, so far as they are material to the decision of this appeal, were substantially as those now appearing. The accident occurred in the nighttime at a crossing near a station of the defendant's road. The negligence of defendant is predicated upon the absence of signals of an approaching train running at a high rate of speed. It is claimed by the plaintiff that a blinding snowstorm prevented his seeing the lights of the approaching train, although, under ordinary conditions, an unobstructed view of the track for a long distance was open to one looking in the direction from which the train approached at the time of the accident. It is claimed on behalf of the plaintiff that the evidence as to the giving of the signals was of such conflicting character as to warrant the submission of that question to the jury. It was held upon the former appeal that, if the signals were given as claimed by the defendant, namely, the signals by bell and whistle, that as matter of law they were sufficient, and the judgment there was reversed for the reason that the trial court left it to the jury to say whether those signals, if given, constituted a timely warning or adequate and sufficient protection under the circumstances of the case, and charging that, if they did not, then the defendant was guilty of negligence which rendered it liable in that case. We are of the opinion that the record upon this appeal shows that the instruction to the jury did not adequately convey the proposition stated upon the former appeal. In the charge the trial court stated:

"If a railroad company runs its train at a high rate of speed, it is bound to give due warning of its approach, so that the driver of the wagon may stop, and allow it to pass. Such warning must be reasonable and timely, but what is reasonable and timely warning may depend upon many circumstances. It cannot be such if the speed of the train be so great as to render it unavailing to a person crossing the tracks, who was vigilant in looking and listening. The speed of a train at a crossing should not be so great as to render useless the warning of its whistle or bell. This caution is especially applicable when their sound is obstructed by wind and other noises, and when intervening objects, like buildings, or cars upon the track, prevent those who are approaching the railroad from seeing coming trains or hearing the sound of the whistle or the ringing of the bell."

And again:

"In crossing highways, while they have the preference in the crossing, they must exercise ordinary care in running their trains so as to give travelers who are about to cross the tracks timely and reasonable warning of the approaching train. In other words, due and timely warning, so that the traveler who is about to cross the tracks may stop his team, and wait until the train passes; or, if the traveler is upon the tracks, that the notice shall be timely and sufficient to enable him, by exercising reasonable vigilance and alertness, to get off the tracks before the train reaches him.

"It is for you to say, under the evidence in this case, whether the bell was rung and the whistle blown on that night, as testified to by the defendant's witnesses. If you reach the conclusion that they were, then you will determine, from the evidence, whether the wind obstructed the sound of the bell and the blowing of the whistle, and whether the ringing of the bell and the blowing of the whistle, under the circumstances, was sufficient to give due and timely warning to the plaintiff and his son. You will determine from the evidence whether the signals that were given were sufficient to have enabled the plaintiff, in the exercise of ordinary care and caution, to have prevented this accident."

At the close of the charge the defendant's counsel stated:

"If I understood your honor right, I understood you to charge the jury that, if they reached the conclusion that the bell was rung and the whistle was blown, then it is still for them to determine, taking into consideration the kind of night it was, whether that was a sufficient notice, and was due and ordinary care. The Court: Yes, under all the circumstances."

To this an exception was taken.

Defendant's counsel requested the court to charge that:

"If the signals were given, as shown by the defendant's witnesses, the jury cannot find that the defendant was negligent for anything that the engineer did or failed to do in the application of the brakes. The Court: I have no hesitancy in charging what I think the law is. The only question in that request is whether the Appellate Division has laid down a rule that I am bound to follow. Plaintiff's Counsel: I would say we are entirely willing to have that rule laid down. The Court: With all due respect to the appellate judges, * * * it seems to me that they could not have fully understood the facts in this case, because * * * the opinion of the court does not lay down any such rule as counsel contends for. But I feel bound to follow their decision, and for that reason I will charge as requested."

Further on defendant's counsel requested the court to charge as follows:

"I ask the court to charge that under the conditions surrounding the crossing and the accident in question, as detailed by the witnesses, if the signals were given as claimed by the defendant, they were sufficient as matter of law, and the jury must find a verdict for the defendant of no cause of action. The Court: I do not agree with the rule of law contended for by counsel, but, as I remarked to you a moment ago, a majority of the appellate judges have laid down that rule, and it is my duty to follow it. * * * As I said before, I am inclined to think that they could not have understood fully all the facts in this case. If they had, they would not have laid down that rule."

An exception was taken to the remarks.

Finally, defendant's counsel requested:

"Counsel says that it is not sufficiently specific, and I will make it so. I ask the court to charge that if the jury find that the signals given as claimed by the defendant—that is, two long and two short blasts of the whistle at or about the whistling post, and the continuous ringing of the bell—were given, the jury cannot find that they were insufficient, improper, or inadequate by reason either of the condition of the weather, or the location of the defend-

ant's station buildings or cars, or by reason of any other fact respecting the physical situation at the crossing on the night of the accident." "So charged."

It will be seen that the record states the proposition to be "so charged" finally, yet there is no explanation, no retraction, nothing of any character to intimate to the jury that the former portions of the charge were in conflict, or in any way at variance, with the final proposition as presented to the jury. The jury might well have determined from the entire proceeding that the proposition of law as contended for by defendant's counsel and laid down on a former appeal had been given under a misapprehension, and that the law of the case was doubtful; and, with no explanation of the final ruling, and with no retraction of the charge as it had stood up to that time, the jury could hardly fail to have reached a conclusion that, although the abstract proposition was such as finally laid down, yet it was not binding upon them by reason of the misapprehension or mistake referred to during the discussion at the close of the case. The defendant was entitled to have the case submitted to the jury with the instruction as to the proposition of law unqualified by the statements made. The final statement still left the original charge unretracted, and all the statements made upon the discussion were left with whatever effect might naturally be produced upon the jury. And the amount of the recovery was so large as to justify a belief that the jury would not be slow to give plaintiff the benefit of whatever uncertainties there might be in the interpretation of the charge. We are also of the opinion that the verdict is excessive, and the amount awarded not warranted by the evidence.

We do not discuss the other questions raised in this case, as we think this judgment must be reversed for the reasons above stated.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.