140 N. Y. 207, 35 N. E. 490, 22 L. R. A. 241. And where the act is of such a nature as to constitute a positive invasion of the individual rights guarantied by the Constitution, legislative sanction is insufficient as a protection. Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321, 54 Am. Rep. 664.

If this action cannot be maintained, the plaintiff is apparently without remedy, and, on the principle for which the appellant contends, a private citizen whose property should be injured or destroyed by the defendant's negligence in the management of its real estate devoted to the maintenance of its water system would be equally remediless. In view of the constitutional prohibition referred to, and the absence of a single specific adjudication in the state in the defendant's favor on the precise question presented, it would seem that the decision in the Bailey Case, supra, should be followed. While the exact grounds of the affirmance there cannot be known with certainty, as but four opinions, differing somewhat in theory, were delivered in support of the affirmative votes of nineteen members of the court, it is as yet the only decision on the direct question of a court of last resort, and an adequate principle of its justification may be found in the language of the opinion delivered by Chancellor Walworth (2 Denio, 445), viz.:

"It is upon the ground that the dam was the property of the corporation, and that such corporation was legally bound to see that its corporate property was not used by any one so as to become noxious to the occupiers of property on the river below, that the judgment in this case must be sustained, if it can be sustained at all."

I recommend affirmance of the judgment and order.

Judgment and order affirmed, with costs. All concur.

---

(97 App. Div. 43.)

DIAMOND v. PLANET MILLS MFG. CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. TRIAL—INSTRUCTIONS—EXCEPTION—SUFFICIENCY.

In an action by an employé for injuries caused by slipping in oil which had accumulated on the floor, it being suggested on behalf of plaintiff that a drip pan ought to have been provided by defendant, the court, in its instructions, charged that, if a drip pan was necessary to render the machine reasonably safe to work on, then the jury might find defendant liable because it did not furnish such an appliance. At the close of the charge, counsel for defendant stated: "I except first to your honor's remarks about the drip pan. I ask your honor to charge that there is no evidence in the case that a drip pan was necessary." .Held, that the exception was sufficient to raise the question of the correctness of that portion of the charge in relation to the drip pan.

2. MASTER—INJURY TO SERVANT—ACCUMULATION OF OIL—UNSAFE APPLIANCES.

In an action by an employé for injuries caused by slipping in oil which had accumulated on the floor by a machine on which she was working, there was evidence that plaintiff had not seen the oil before the accident, and that the oil came from underneath the machine, and directly in the place where plaintiff had to step in doing her work. Plaintiff's sister testified to having notified defendant of the oil about a week before the accident. Held, that the gravamen of the charge against the master was the failure to furnish the servant with a reasonably safe place in which to work, and reasonably safe appliances; permitting the actual condition

of the place and appliances to be shown, and every fact relevant to the question whether the place and appliances, as the servant was required to use them, were reasonably safe.

**3. SAME—INSTRUCTIONS.**

A charge that the question whether there should have been a drip pan furnished by defendant was for the jury to consider, and to find for plaintiff in the event that they found that a drip pan was necessary to make the machine reasonably safe, was not erroneous; the court in other portions of the charge having told the jury that plaintiff's own negligence would defeat her, if it caused or contributed to the accident, and that, if the danger was obvious, she could not recover, and that if defendant was negligent, and this negligence might have joined with hers to produce the accident, nevertheless, if her negligence contributed to the accident, it mattered not how great the negligence of defendant was, plaintiff could not recover.

**4. SAME.**

A charge that plaintiff's claim was that the wheels of the machine "ought to have been carefully guarded against the possibility of a person working with the machine getting his hand, by some accident, thrust into the gear," followed by a statement that all the law demands of an employer is that his machinery shall be reasonably safe, and the question is whether the machine, guarded as it was, was reasonably safe, and that, if it was, then there was nothing in that direction to make defendant liable, is not objectionable, as telling the jury that the master, in guarding machinery, must guard against the possibility of such an accident as that which plaintiff sustained.

**5. SAME.**

The court having charged specifically on the question of contributory negligence and the plaintiff's assumption of the risk, it was not error to refuse to charge that she could not recover if she knew of the presence of oil before the accident, and did not tell the defendant.

**6. SAME—EVIDENCE—REJECTION—APPEAL.**

In an action by an employé against her employer for injuries alleged to have been caused by slipping in oil which had accumulated on the floor by a machine on which she was working, so that she fell against the machine and was injured, the court's refusal to receive evidence that the machine had never had an accident, being accompanied by the remark, "There is no question about that," is not cause for reversal of a judgment for plaintiff.

**7. APPEAL—ERROR—WAIVER.**

Error cannot be predicated of objectionable remarks of the court during a trial, concerning which no request was made or exception taken.

Appeal from Trial Term, Kings County.

Action by Bridget Diamond, an infant, by Patrick Diamond, guardian ad litem, against the Planet Mills Manufacturing Company. From a judgment for plaintiff for $7,486.22, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Austen G. Fox, for appellant.
E. J. McCrossin, for respondent.

WILLARD BARTLETT, J.   The plaintiff, a girl of 17 in the service of the defendant corporation, was injured while at work upon a twisting machine against which she fell in consequence, as she asserts,

¶ 7. See Appeal and Error, vol. 2, Cent. Dig. § 1500.

of slipping in a puddle of oil which had accumulated upon the floor, so that her hand was thrust in between the cogwheels in such a manner that she suffered the loss of four fingers. When asked whether there was any covering or protection in that part of the machine where the cogwheels were, she said: "Not on the inside. On the outside there was. Where my hand went, there was no protection—over these ten or twelve inches." The plaintiff further testified that she had not seen the puddle of oil before the accident, that it was eight or ten inches "big," and that the oil came from underneath the machine, and directly in the place where she had to step in doing her work. The plaintiff's sister had noticed this accumulation of oil there, according to her testimony, and had notified the defendant's assistant foreman of it about a week before the accident. In such a case, of course, the gravamen of the charge against the master is the failure to furnish the servant with a reasonably safe place in which to do the master's work, and reasonably safe appliances to work with. The actual condition of the place and appliances may be shown; the presence or absence of safeguards calculated to protect the employé from injury; and every fact relevant to the question whether the place and appliances, as the servant was required to use them, were or were not reasonably safe.

On the trial of the present action, it appears to have been suggested in behalf of the plaintiff that a drip pan ought to have been provided by the defendant, to prevent the accumulation of oil on the floor, thus rendering it dangerously slippery, and on this subject the learned trial judge charged the jury as follows:

"If you think that a drip pan under this machine was necessary, in view of all the existing conditions, to render it a reasonably safe machine to work upon and work with, then you may find the defendant liable because it did not furnish such an appliance, or something of the sort, but only if you think that such an appliance was necessary to make the machine, as a whole, a reasonably safe machine to work with."

At the close of the charge, counsel for the defendant said: "I except first to your honor's remarks about the drip pan. I ask your honor to charge that there is no evidence in the case that a drip pan was necessary;" to which the court responded: "I leave that to the jury, as a matter of fact;" and an exception to the refusal to charge as requested was duly taken in behalf of the defendant.

It is said in the brief for the respondent that the defendant did not except to the portion of the principal charge which I have quoted, but I think the statement of counsel that he excepted to the court's remarks about the drip pan pointed clearly to that portion of the charge, and was sufficient to raise the question of its correctness.

Still further, on the same subject, the court said in answer to one of the requests of defendant's counsel:

"The only question is whether it was necessary, to make the machinery reasonably safe for a person to work there, that there should be a drip pan to prevent the floor from getting slippery."

An exception was also taken to this instruction.

The learned judge further charged the jury as follows:

"Her own negligence will defeat her, if it caused the accident, or contributed to cause it; and, if the danger was obvious, she cannot recover. But if she

is not defeated by either one of these considerations, then the defendant is liable, if it was negligent either in not furnishing a reasonably safe machine, in that it lacked sufficient guards about the dangerous parts, or lacked a drip pan, or was negligent in not giving her the necessary and proper instructions."

It is contended in behalf of the appellant that it was error thus to permit the jury to find a verdict simply on the view which they might take of the question whether the defendant ought not to have provided a drip pan, or "something of that sort"; and we are referred to the decisions in which it has been held to be "error to permit a jury to find a verdict against a railway if the jury determine that the defendant ought to have had a flagman at a crossing." I think that the flagman cases are distinguishable in principle, by reason of the fact that the presence or absence of a flagman at a particular crossing is something outside the operation and management of the train, which are the matters in question in those cases. A typical case of this character is Cumming v. Brooklyn City R. R. Co., 104 N. Y. 669, 10 N. E. 855, in which the Court of Appeals, speaking of Judge Cullen's charge to the jury, which was sustained by the decision as being correct, says that:

"The judge meant only to say that in running its cars, or in their management, the defendant need only use ordinary care, but that if, in thus running or managing its cars, it omitted precautions which, in the use of ordinary care, it should have adopted, in order to prevent this injury, then it was liable."

Inasmuch as the judgment in favor of the plaintiff was affirmed, we have here the clearest implication that a jury may properly inquire whether an injury attributed to negligence would have been prevented by the adoption of one or more precautions in the discharge of the duty owing by the defendant to the plaintiff, and the decision has been so understood. In Petrie v. N. Y. Central & H. R. R. R. Co., 63 App. Div. 473, 476, 71 N. Y. Supp. 866, affirmed in 171 N. Y. 638, 63 N. E. 1121, the Appellate Division in the Fourth Department, referring to the Cumming Case, said:

"As we understand the rule, it is now, generally speaking, a question of fact for the jury to determine whether, under all the circumstances of a given case, a railroad company should have adopted some other precautions than those which were actually employed in the operation and management of its train while approaching a highway crossing."

This rule, by analogy, supports the instructions which have been quoted in the present case of master and servant.

It seems to me that the appeal presents no other serious question. Counsel for the appellant, in asserting that the charge allowed the jury to find that the defendant was liable, whether the plaintiff was negligent or not, must have overlooked not only the statement of the learned trial judge already quoted, where he told the jury that the plaintiff's own negligence would defeat her, if it caused the accident, or contributed to cause it, but also this instruction near the beginning of his remarks:

"Even though the defendant may have been negligent, and its negligence may have joined with hers to produce the accident, nevertheless, if she was negligent, and her negligence contributed to the accident, it matters not how great the negligence of the defendant was, she cannot recover. This is the first proposition of law in the case."

Nor did the court tell the jury, as is suggested in the brief for the appellant, that a master, in guarding machinery, must guard against the possibility of such an accident as this. The learned judge did say that the plaintiff's claim was that the wheels of the machine "ought to have been carefully guarded against the possibility of a person working with the machine getting his hand, by some accident, thrust into the gear"; but he followed this statement of what the plaintiff claimed by laying down the rule of law on the subject in language which showed that the defendant's measure of duty was not so high as that. "All that the law demands of the employer who furnishes machinery," he said, "is that his machine shall be reasonably safe; and the question here is whether the machine, guarded as it was, was reasonably safe. If it was, then there is nothing in that direction to make the defendant liable." Certainly the defendant had nothing to complain of in this instruction.

The court's refusal to receive evidence to show that the machine had never "had an accident or break" was accompanied by the remark, "There is no question about it"—showing that, in the opinion of the judge, no negligence could be predicated of any defect of such a nature as indicated by the question—and the ruling affords no ground for a reversal.

In view of the other instructions which had been given—some of them very specific—on the question of contributory negligence and the plaintiff's assumption of the risk, it was not error to refuse to charge that she could not recover if she knew of the presence of the oil before the accident, and did not tell the defendant.

Some criticism is made upon certain remarks of the court during the trial as having been prejudicial to the defendant, but no request was made or exception taken concerning the same, and I cannot say that they were so manifestly objectionable or unfair as to have affected the result.

I think that there should be an affirmance in this case.

Judgment and order affirmed, with costs. All concur.