HINTZE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.   February 16, 1912.)

1. MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.

In an action against a railroad company for the death of a patrolman, struck by a train running through the yards, evidence *held* to justify a finding of the negligent operation of the train at a high speed without giving signals.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050; Dec. Dig. § 286.*]

2. EVIDENCE (§ 586*)—POSITIVE AND NEGATIVE TESTIMONY—WEIGHT—QUESTION FOR JURY.

Where the positive testimony of an engineer and fireman that the bell was ringing was contradicted by the testimony of witnesses, who were near the train and so situated that they could not escape hearing the bell, had it rung, that they did not hear the bell ringing, the issue whether the bell was rung was for the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2432–2435; Dec. Dig. § 586.*]

3. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether an employé of a railroad company, engaged as a patrolman, was guilty of contributory negligence, precluding a recovery for his death, caused by his being struck by a train, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.*]

Appeal from Trial Term, Orange County.

Action by Anna V. Hintze, as administrator of Otto W. Hintze, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Charles F. Brown, for appellant.

Abram F. Servin and Rosslyn M. Cox, for respondent.

CARR, J.   The defendant appeals from a judgment of $11,064.07 in an action to recover damages for the death of the plaintiff's husband through the negligence of the defendant. The case was here before, and a judgment in favor of the plaintiff was reversed. 140 App. Div. 852, 125 N. Y. Supp. 644. That reversal was based upon grounds which do not apply to the present judgment, for on the first trial it was left to the jury to find negligence on the part of the defendant from the conduct of a fellow servant, who was held by this court not to be a vice principal within the meaning of section 42a of the railroad law (Laws 1906, c. 657).

[1] The decedent was a strong, healthy man of 32 years, and was employed by the defendant as a "patrolman" on its third rail electrical system in the neighborhood of Yonkers. His wages were $75 a month. On the afternoon of October 20, 1908, about 4:30 o'clock, he was struck by a steam train of the defendant and killed.   When

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so struck, he was apparently between tracks, bending forward doing some kind of work on the third rail track, and facing westward towards the river, in the Yonkers yard of the defendant. The negligence charged against the defendant is that its engineer ran the steam train through the yard at a high rate of speed, without giving any signals by bell or whistle, although it was his duty to anticipate the presence of workmen on the tracks, and to warn them, whenever he saw them, by sharp, short blasts of the whistle. It is not disputed that no whistle was blown. Both the engineer and the fireman so admit, and a half dozen witnesses for the plaintiff so testify. The excuse offered by the engineer for not blowing the whistle is that, when he discovered that the decedent was on the tracks, the distance was too short to use the whistle, and all that could be done was to put on the emergency brake, which was done, but in vain.

The engineer (Signer) testified that he first learned of the decedent's presence on the tracks by a shout from his fireman (Robinson) at a time when the train was about 35 feet from the decedent. He testified that he had kept a lookout ahead, and failed to see the man on the tracks, because his train was running on a curve and he could not see straight ahead for any distance. Both he and the fireman testified that the train had given warning by an automatic bell, which had been set ringing some considerable distance away, and which was still ringing when the man was killed. The rules of the company required the engineer to give warning by whistle whenever he saw any one on the tracks, and likewise required him to keep a lookout for such persons. There was some question whether the engineer had not testified on the first trial that he could see nearly a quarter of a mile ahead at a place shortly below the point where the accident happened. On the second trial, however, he denied the possibility of such a view, and explained, or sought to explain, what he meant by his former testimony. The testimony of the engineer and fireman as to the ringing of the bell is negatived by all the witnesses for the plaintiff who were at or near the scene of the accident. Some of these were not more than 40 feet away when the man was struck, several of them had seen the man at work just before he was struck, and one of them (Bartell) saw the accident happen. All of them were in places where they could have heard the bell, if it was ringing.

[2] The defendant urges that their negative testimony cannot be allowed to prevail over the positive testimony of the engineer and fireman, and cites Culhane v. N. Y. Central & H. R. R. R. Co., 60 N. Y. 133, and Foley v. N. Y. Central & H. R. R. R. Co., 197 N. Y. 430, 90 N. E. 1116, that under these circumstances it was error to submit such question to the jury. In answer to this point, the plaintiff cites Greany v. Long Island R. R. Co., 101 N. Y. 419, 5 N. E. 425. These authorities leave this question in a vexed and unsatisfactory condition. It seems to us, however, that where witnesses who are near by the train, and so situated that they could not escape hearing the bell, had it rung, testify that they did not hear, an issue is raised for the jury, even in face of the positive testimony of the engineer and fireman that the bell was ringing. The rulings in the Culhane and Foley Cases

should not apply to the testimony of witnesses who were well placed to observe the physical phenomena, and whose testimony shows generally an active observation thereof. It seems to us that a fair case was made out for a determination by the jury as to the negligence of the defendant on this point.

[3] The next question is as to the absence of contributory negligence on the part of the decedent. It appears that he was doing some kind of work on the third rail, in a stooping position, facing the river. There is no real dispute as to this fact. The rules of the defendant required him to face the traffic. Apparently he did not obey this rule, and there is no evidence that he kept any lookout for an oncoming train. There were some peculiar circumstances that existed which might have justified his failure to maintain a personal lookout. He was working in company with another patrolman, one Flynn. The custom, based upon instructions from superiors, was that, when one patrolman was working, the other should keep a lookout. The decedent was working on the track, in a stooping position. Flynn was seen by various witnesses to walk away. He gave no warning of the oncoming steam train. The court left it to the jury to say whether it was negligent for the decedent to rely upon Flynn to keep a lookout and give warning. It seems to us that this was proper enough, and that no error was made in submitting this question to the jury.

We see no reason why we should disturb the finding of the jury on the facts, nor do we find any rulings of law which seem to me erroneous.

The judgment and order should be affirmed, with costs. All concur. .