BOHRINGER v. CAMPBELL.

(Supreme Court, Appellate Division, Second Department.   September 10, 1912.)

1. MUNICIPAL CORPORATIONS (§ 706*)—COLLISIONS—NEGLIGENCE—QUESTION
   FOR JURY.
   Whether a child about nine years old was struck by an automobile,
   and whether the automobile was negligently operated, *held*, under the
   evidence, for the jury.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
   1518; Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—COLLISIONS—CONTRIBUTORY NEGLI-
   GENCE—QUESTION FOR JURY.
   Whether a child, struck by an automobile, was guilty of contributory
   negligence, *held*, under the evidence, for the jury.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
   1518; Dec. Dig. § 706.*]

3. EVIDENCE (§ 147*)—NEGATIVE AND POSITIVE EVIDENCE—QUESTION FOR
   JURY.
   Where persons who could have heard the horn of an automobile, had
   it been sounded, testified that they did not hear it, a finding that the
   horn was not sounded was justified, though there was evidence that it
   was sounded.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 435–437; Dec.
   Dig. § 147.*]

   Jenks, P. J., and Burr, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Leonhard Bohringer, administrator of Leonhard
Bohringer, Jr., deceased, against Samuel O. Campbell.   From a
judgment for plaintiff, and from an order denying a new trial, de-
fendant appeals.   Affirmed.

This is an action to recover for the death of plaintiff's intestate,
alleged to have been caused by the negligence of defendant's chauf-
feur in operating an automobile owned by defendant and in which
he was riding.

Argued before JENKS, P. J., and BURR, THOMAS, WOOD-
WARD, and RICH, JJ.

Bertrand L. Pettigrew, of New York City (Walter Lester Glen-
ney, of New York City, on the brief), for appellant.

James Dempsey, of Peekskill, for respondent.

RICH, J.   At the time of the accident the deceased was between
9 and 10 years of age.   On the afternoon of May 27, 1910, with
one or more playmates, he was playing ball in Washington street,
in the village of Peekskill, about 20 or 25 feet north of the north
crossing of Hudson avenue, which avenue crosses Washington street
at right angles.   The defendant's automobile approached from the
north at a speed of from 15 to 18 miles an hour.   There was no
other travel in the street, and the children were seen by the occupants
of the automobile before the Hudson avenue crossing was reached.
The deceased started on a fast run to cross the street in a diagonal

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

direction, from the east to the west side. As the automobile approached the boy, its course was changed diagonally towards the west, so that it and the boy came together at or near the curb on the west side of the street. The defendant contends that there is no evidence of negligence on the part of the chauffeur, that the deceased was guilty of contributory negligence, and that the verdict is excessive. These are the questions argued.

[1, 2] It is urged that there is no evidence that the automobile ran over the deceased; that the evidence establishes that the deceased fell, and received the injuries causing his death as the result of the fall alone; and that the automobile did not even come in contact with him. This contention overlooks the evidence of the witness Mead, who was an eyewitness of the accident, who testifies that he saw the automobile hit the boy and knock him down, then raise as though it was running over something, settle down, and stop, and that "the car followed the boy clean across the street and caught him, caught him in the gutter"; the admission of the chauffeur, who testified on cross-examination, "I said this morning that the front wheel of the car hit the boy, passing over him, * * * the front wheel of the car hit the boy;" the testimony of the physician that there was a fracture of the skull at the base of the brain, which was the fatal injury, and a compound fracture of the right arm, which was "crushed and the tissues were lacerated and torn and dirty, dirt ground into them," which the doctor testified could not have resulted from a fall; and this conclusion is made apparent by the undisputed fact that the boy fell forward on his face, while the fracture causing death was on the back of the head, at the base of the brain. It is also shown that the body of the boy was taken by the chauffeur from under the car, between the front and rear left-hand side wheels. This evidence was sufficient to take the case to the jury on the question of defendant's negligence and the freedom from negligence of the deceased. These questions were for the jury to determine. The learned trial justice submitted them under a charge free from error, and the verdict rests upon sufficient evidence to sustain it.

Our attention is called to Seaman v. Mott, 127 App. Div. 18, 110 N. Y. Supp. 1040, and West v. Metropolitan Street R. Co., 105 App. Div. 373, 94 N. Y. Supp. 250, as being similar cases, controlling the disposition of this appeal. I do not so regard them. In both of those cases the decision was based upon the fact that no act or omission of the chauffeur permitted a finding of his negligence. In the case at bar there is the evidence of the change of the direction of the automobile, from which the jury might have found that the accident would not have occurred, had not the chauffeur changed his course, and, in addition, the testimony of the eyewitness Mead, which is sufficient of itself to permit the finding that the chauffeur was negligent, together with the statement of the driver, made immediately after the accident to an officer of the Peekskill force, that "he thought he could get by that boy by going around him to the left," and "did not shut off the power" until he got in the gutter, and

the admission to Sergeant Burke, at the same time, that "at the time of the accident he was going at the rate of 15 or 18 miles an hour." Clearly this evidence shows acts and omissions permitting a finding of negligence in the operation of the car, and removes the case from the operation of the rule declared in those cited.

[3] Although there is some evidence that the horn of the automobile was sounded as the car approached the children, the jury could find to the contrary on the evidence of Mead and of other witnesses, who were so close to the place of the accident that they could have heard the horn, had it been sounded, and testify that they did not (Hintze v. New York Central & H. R. R. R. Co., 149 App. Div. 217, 133 N. Y. Supp. 687), and that the car was being driven fast, which was held in Gross v. Foster, 134 App. Div. 243, 118 N. Y. Supp. 889, was sufficient to warrant a finding of defendant's negligence.

I do not regard the verdict as excessive, and the judgment and order must be affirmed, with costs.

THOMAS and WOODWARD, JJ., concur. JENKS, P. J., and BURR, J., dissent.