THEODORE SIPOWICZ, an Infant, by BOLESLAW SIPOWICZ, His Guardian ad Litem, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

BOLESLAW SIPOWICZ, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Fourth Department, December 5, 1919.

Railroads — negligence — erroneous charge cured by final instructions — degree of care in operating train over crossings — warning signals — right of jury to consider physical conditions surrounding crossings — jury limited to determining sufficiency of signals given.

In an action of negligence to recover damages sustained by being struck by defendant's railroad train at a crossing, a charge of the court that it was the duty of the defendant suitably and seasonably to give warning of the

approach of trains to the crossing by means of whistle or bell on the locomotive or both, "or in some proper manner, otherwise, as you gentlemen may think reasonable," should be read in connection with the final instructions, and though erroneous as to the part quoted, such error is cured by said final instructions in which the court charged that the plaintiff's claim for recovery was based upon " the negligence of the railroad company in not ringing the bell or blowing the whistle," for by said final instruction the jury were not directed or permitted to say by their verdict what warning should have been given by the defendant in the discharge of its duty to the plaintiff beyond the sounding of the bell or whistle of the train.

The degree of care to be observed in the operation of steam-propelled trains over country highways or city streets must vary to meet the surrounding conditions, and the ever-abiding test of reasonable care is such a warning as will safeguard a prudent and observing user of a highway or street.

The physical conditions surrounding a grade crossing at which an accident occurred is an element to be taken into account and may be properly considered by the jury in applying the test of reasonable care.

In an action to recover damages for injuries received at a railroad crossing based on the failure of the railroad to give proper signals, the question is wholly whether the signals given were sufficient and timely under the test of reasonable care, having in view all the surrounding circumstances, and it is not within the province of the jury to speculate as to what other signals might have been given, nor to attempt to imply what other means of warning should or might have been adopted.

APPEAL in each action by the defendant, Lehigh Valley Railroad Company, from judgments of the Supreme Court, one in each action, in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 21st day of February, 1919, upon the verdict of a jury for $11,000 in the first action and $2,000 in the second action, and also from orders entered in said clerk's office on the 18th day of April, 1919, denying defendant's motion for a new trial in each action made upon the minutes.

The cases were tried together pursuant to the stipulation of the parties.

*Thomas R. Wheeler*, for the appellant.

*Carl Sherman*, for the respondents.

LAMBERT, J.:

These actions are in negligence to recover for injuries sustained by collision with one of defendant's trains at the William street crossing, just outside of the city of Buffalo.

William street runs approximately easterly and westerly and the Lehigh tracks northeasterly and southwesterly. Four tracks cross the highway. Going out from Buffalo, the tracks swing easterly after crossing William street.

The plaintiff in action No. 1 was eight years old and was riding in a horse-drawn buggy driven by his brother who was twelve years old. They were driving on William street and destined for Buffalo. It was about dark. The horse was on a slow trot and readily controlled. The rig collided with a passing train and the injuries to the plaintiff and loss sustained by his father attributable to those injuries are here involved.

The crossing is protected by gates on either side. A flagman was kept in attendance upon the gates. The flag shanty was located near the tracks and close to the street line. It was equipped with a signal bell set ringing by approaching trains. The train in question was over an hour late and the flagman, as the train approached, was outside the shanty and did not hear the shanty bell ring. He heard a train whistle and started to lower the gates and, as he did so, the horse and buggy were passing under the easterly gate and after it had passed that gate the gateman lowered the gates on either side, thus trapping the vehicle between the gates. There is evidence in the record which permits a finding by the jury that no whistle was blown for this crossing until just before entering it and there is dispute as to whether or not the bell was ringing.

The appellant does not seriously dispute that the evidence is sufficient to take the case to the jury upon the issues of both negligence and contributory negligence.

The serious question upon the appeal relates to the charge of the trial court respecting the warning signals required upon the approach of the train to the crossing.

In this connection the court charged as follows: " However, bearing in mind the physical situation as it existed at and about this grade crossing, including the curve in the railroad track, * * * the railroad company, through its employees, was bound to suitably and seasonably give warning of the approach of trains to this crossing by means of whistle or bell on the locomotive, or both, *or in some proper manner, otherwise, as you gentlemen may think reasonable.*"

To this charge defendant's counsel excepted as follows: " I except to the submission to the jury of the question what a timely, suitable and sufficient warning was."

This ruling is now urged as requiring reversal. The instruction given in the paragraph quoted should be read, as we believe it was understood by the jury, in connection with the final instructions given them. In recapitulating the claims of the respective parties the court charged it was the claim of the plaintiff as follows: That " no whistle having been blown or bell rung, that they heard or that Miss Solmaine heard, who was standing in the neighborhood, * * * it was reasonable to suppose that such signals were not given, the whistle or bell — and that therefore entirely through the negligence of the railroad company *in not ringing the bell or blowing the whistle,* and in not having these gates lowered in time, these little boys were thrown and the plaintiff Teddy was injured as claimed."

Here we have the final word of instruction to the jury; that negligence of the defendant, as claimed by the plaintiff, was predicated upon the failure to ring the bell, blow the whistle or properly operate the gates. In this instruction the jury were not directed or permitted to say by their verdict what warning should have been given by the defendant in discharge of its duty to the plaintiff beyond the sound of the bell or whistle of the train or negligent handling of the gates. In this instruction the court clearly said to the jury that the negligence of the defendant, relied upon by the plaintiff, was the failure to ring the bell, sound the whistle or operate the gates under circumstances which did not give timely warning of the approach and purpose of the train to occupy the crossing in question.

The charge when read as a whole, it seems to me, is particularly clear of errors and fully complies with the rule applicable to a crossing of the character here involved. There would be no occasion for an opinion in this case, except for the statement of the trial judge, on a motion for a new trial, that there is so much confusion incident to the conflict in the rulings in *Foley* v. *N. Y. C. & H. R. R. R. Co.* (197 N. Y. 430) and *Jewett* v. *N. Y. C. R. R. Co.* (183 App. Div. 921) on the one hand, and *Greany* v. *Long Island R. R. Co.* (101 N. Y.

419) and *Hintze* v. *N. Y. C. & H. R. R. R. Co.* (149 App. Div. 217) on the other, " that it is a matter of some difficulty to know just what is a proper charge in such cases."

The *Foley* case involved the crossing of a private passageway to a coal shed; the *Jewett* case involved an accident resulting from a collision with a single car, pushed by an engine, at a rapid speed, on a foggy morning, over a private right of way. The pertinent question in the *Greany* case, under review in the Court of Appeals, was whether a finding of negligence could be sustained based upon negative evidence of witnesses who testified that they did not hear the bell or whistle signals given, when so circumstanced that had they been given they would have heard them, where it appeared that the operatives of the train testified positively that the signals were given.

A like question was passed upon in the *Hintze* case. It is clear, from the statement of questions involved in these cases, that they can have no application to the one here considered.

In the present case there is involved a crossing of one of the principal roads leading into and at the very border of the city of Buffalo, having a population of about half a million people and entering thereon, upon a curve with buildings interrupting the vision, within 240 feet of the point of collision. It is essentially, except in name, a city street much traveled. Its unusual dangers to the public use, from the operation of trains, have been recognized and guarded against by the installation of gates and their operation by a flagman. These undisputed facts in the record reveal a physical condition not present in any of the cases to which our attention has been drawn by the trial justice. The degree of care to be observed in the operation of steam-propelled trains, over country highways or city streets, must vary to meet the varying conditions present. It may be observed that the ever-abiding test of reasonable care is such a warning as will safeguard a prudent and observing user of a highway or street. The physical condition especially surrounding the dangerous grade crossing is an element to be taken into account in the submission of such question and may be properly considered by the jury in applying the test of reasonable care. (*Petrie* v.

*N. Y. C. & H. R. R. R. Co.,* 63 App. Div. 473; affd., 171 N. Y. 638.)

This element was properly taken into account by the trial court in its charge to the jury. The decisions in this State invariably indicate the rule to be that when a question of fact is present, such question is wholly whether the signals given were sufficient and timely, under the test of reasonable care, having in view all of the surrounding circumstances. It follows that it is not the province of a jury to speculate as to what other signals might have been given, nor to attempt to imply what other means should or might have been adopted. The question is only: Were the means adopted and found by the jury sufficient and timely warning of the approach and intended use of the crossing for the purpose of moving trains? The attention of the jury should be directed to the question of the sufficiency of the signals given as distinguished from speculating as to what other signals should or might have been given.

The decision in the *Jewett* case does not conflict with this rule. In that case the crossing was not a public highway but was a private crossing extensively used. In that case no gates and no watchman had been provided and the colliding car was being pushed over the crossing at the rate of twenty miles per hour on a foggy morning. In that case the trial court submitted to the jury their right to determine what other precautions, if any, the railroad company should have adopted, besides those employed. Such a question is not for the jury. The inquiry is as to the sufficiency of the warning given, as distinguished from speculation as to some other warning which might have been given.

The other claimed errors have been examined and do not require, in my opinion, a reversal. For the reasons given, the judgments and orders appealed from should be affirmed, with costs.

All concurred.

In each case judgment and order affirmed, with costs.