MARY A. GALLAGHER, as Executrix of the Last Will and Testament of TERENCE GALLAGHER, Deceased, Plaintiff, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

Supreme Court, Putnam County, December, 1922 (Received January, 1923).

Negligence — railroad — grade crossing accident — when one bound to see train if his view is unobstructed — contributory negligence of plaintiff.

In an action to recover damages for causing the death of plaintiff's testator, who while operating a motor vehicle upon a public highway crossing the railroad

of defendant was struck by an engine operated by defendant and killed, the plaintiff claimed that the defendant was negligent in running its train and engine at a high rate of speed and in failing to blow the whistle and ring the bell at the approach to the crossing. Some of the witnesses for plaintiff testified that defendant gave no alarm at said approach and others testified that they were giving special attention to the approach of the train and that no such alarm was heard by them. Employees of defendant and also disinterested witnesses testified that the whistle was blown and an alarm given at the approach of the train to the crossing. *Held*, that upon this branch of the case plaintiff was entitled to have the question of defendant's negligence sent to the jury.

Where the view of a person injured or killed at a railroad crossing is unobstructed for a sufficient distance and he can see an approaching train and does not stop but continues on, he is guilty of contributory negligence as matter of law and there can be no recovery either for injury or death.

It being apparent that the accident would not have happened had plaintiff's testator been careful and cautious and had looked, as in duty bound, upon his approach to the crossing before driving upon the railroad track, it must be held that he was guilty of contributory negligence as matter of law and defendant's motion for a new trial, after verdict in favor of plaintiff, will be granted.

MOTION to set aside verdict and for a new trial.

*Spalding & McCabe,* for plaintiff.

*Alexander S. Lyman (Martin Gilligan,* of counsel), for defendant.

MORSCHAUSER, J. This action was brought by the plaintiff against the defendant to recover for damages sustained by the plaintiff by reason of the accidental killing of the plaintiff's testator.

The defendant operates a railroad and has a grade crossing at Dykman Station, N. Y. .

The deceased at the time of his death was operating a motor vehicle upon the public highway crossing the tracks of the defendant at Dykman Station on or about the 12th day of May, 1921, and was struck by an engine operated by the defendant and killed, the plaintiff claiming that the defendant was negligent in operating its train and engine in running at a high rate of speed and failing to blow the whistle or ring the bell at the approach to said crossing. The case was submitted to the jury who found a verdict in favor of the plaintiff, and on the coming in of the verdict the defendant made a motion for a new trial on the ground that the plaintiff failed to establish that the defendant was guilty of negligence, and also on the further ground that the plaintiff's testator was guilty of contributory negligence. Upon the trial the plaintiff produced evidence by a number of witnesses that no alarm was given by the defendant at the approach of said crossing and some of the witnesses for the plaintiff testified that they were giving special attention to the approach of the train and that no such alarm was heard by them. The defendant produced evidence by witnesses,

some in its employ and also disinterested witnesses, who testified that the whistle was blown and an alarm given at the approach to said crossing. On all the evidence on this branch of the case the plaintiff was entitled to have the question as to the defendant's negligence submitted to the jury and comes within the rule laid down in *Greany* v. *Long Island R. R. Co.*, 101 N. Y. 419; *Hintze* v. *New York Central & H. R. R. R. Co.*, 149 App. Div. 217, 219; *Fitch* v. *N. Y. C. R. R. Co.*, 233 N. Y. 356.

The defendant also claims that the plaintiff's testator was guilty of contributory negligence. It appears from the evidence that the plaintiff's testator was at the time driving a motor vehicle on the highway crossing the tracks of the defendant; that at a point 40 feet and 4 inches from the center of the north-bound track the testator had a clear and unobstructed view for a distance of 578 feet of the approach of the train, and at a point 60 feet from the north-bound track a view was clear for a distance of at least 300 feet, and that at a point 25 feet from the track the deceased had an unobstructed view of 670 feet, and at a point 15 feet from the track he had an unobstructed view of 841 feet, and 10 feet from the track he had an unobstructed view of 902 feet. While section 841b of the Code of Civil Procedure, now section 265 of the Civil Practice Act, places the burden of proof of contributory negligence in death cases on the defendant, in this case there seemed to be no dispute as to the facts and as to the distance that the plaintiff's testator could have seen the approaching train before he got upon the track, that he could have easily seen the approaching train and had sufficient time to stop if he had not been guilty of contributory negligence.

It has been repeatedly held by the authorities in this state that where a person is injured or killed at a railroad crossing, if his view is unobstructed for a sufficient distance and he can see the approach of a train and does not stop but continues on, he is guilty of contributory negligence and cannot recover. *La Goy* v. *Director-General of Railroads*, 231 N. Y. 191; *Hagglund* v. *Erie R. R. Co.*, 210 id. 46; *Dolfini* v. *Erie R. R. Co.*, 178 id. 1.

It is apparent from the evidence in this case that had the plaintiff's testator been careful and cautious and had he looked as he was bound to do upon the approach to this crossing before driving upon the tracks of the defendant, the accident would not have happened. He was guilty of contributory negligence under the proof.

For this reason the motion of the defendant is granted and the verdict set aside and a new trial granted.

Ordered accordingly.