LIZZIE M. BAKER, as Administratrix of the Estate of
FRANK M. BAKER, Deceased, Respondent, v. LEHIGH
VALLEY RAILROAD COMPANY et al., Appellants,
Impleaded with Another.

Negligence — railroads — motor vehicles — crossing accident
— flagman not chargeable with want of reasonable vigilance —
train approaching crossing at high speed without sounding
bell or whistle — when cannot be said as matter of law that
presence of flagman justified abandonment of other safeguards
for protection of travelers — contributory negligence question
for jury — charge that engineer should give such signals as
might seem to be adequate and timely sufficient.

1. A flagman whose station was between the tracks of two railroads,
by which he was jointly employed, in a space about fifty-eight feet
wide, cannot be charged with want of reasonable vigilance in warning
the driver of an automobile of an approaching train, where, at the time
it reached the tracks of one railroad, the flagman was standing with
his back to it, a s gnal disc in his hand, apparently giving warning of
danger on the other and when an engine had gone by on that road he
turned and walked towards the automobile and signaled it to stop,
but too late to prevent its being struck by a fast moving train. Where,
therefore, it is conceded that the railroad company, on whose tracks
the train, which belonged to still another company, was running, was
not negligent unless its flagman was at fault, the case against it to
recover for the death of a passenger in the automobile, fails.

2. As to the company whose train did the damage the question of
its negligence was properly left to the jury where there is evidence that
the train approached the crossing without sounding bell or whistle
and the triers of the facts might say that at the crossing in question
the network of tracks and intervening space were diverting or mis-
leading. Under such circumstances it cannot be said, as matter of
law, that the presence of the flagman was a signal so obvious as to
justify abandonment of every other safeguard for the protection of
the traveler.

3. The question of contributory negligence was also for the jury
and the case being a death one the burden of proof as to that issue
was on the defendant.

4. There was no substantial error in the charge. The trial judge
was not required to say that the engineer did his full duty by sound-
ing his bell or whistle at particular specified intervals; it was enough

to say that he should give such signals as might reasonably seem to be adequate and timely in the light of the existing circumstances.

Baker v. *Lehigh Valley R. R. Co.*, 221 App. Div. 787, modified.

(Argued April 3, 1928; decided May 1, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 7, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Thomas R. Wheeler* for Lehigh Valley Railroad Company, appellant. There was no evidence that the flagman was not out upon the crossing. The verdict against the defendant New York Central Railroad Company upon this ground was without any positive evidence to support it. (*Foley* v. *N. Y. C. & H. R. R. R. Co.*, 197 N. Y. 430; *Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 133; *Baesens* v. *N. Y. C. R. R. Co.*, 201 App. Div. 191; *Matutinovich* v. *N. Y. C. R. R. Co.*, 182 App. Div. 451; *Capitula* v. *N. Y. C. R. R. Co.*, 200 App. Div. 247.) The trial court erred in its charge to the jury upon the question of warning. (*Pakalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 424; *Nelson* v. *Lake Shore & Michigan Southern R. R. Co.*, 185 App. Div. 174; *Hoyt* v. *Long Island R. R. Co.*, 176 App. Div. 371; 224 N. Y. 586; *Dolan* v. *Delaware & Hudson Canal Co.*, 71 N. Y. 285; *Hale* v. *Rutland R. R. Co.*, 213 App. Div. 42; *Raymer* v. *Rutland R. R. Co.*, 204 App. Div. 135.) The trial court erred in refusing to charge the jury as requested upon the adequacy of warning signals. (*Ellers* v. *Erie R. R. Co.*, 178 App. Div. 298; 223 N. Y. 711; *Raymer* v. *Rutland R. R. Co.*, 204 App. Div. 135.) The plaintiff's intestate was guilty of contributory negligence as a matter of law. The motions to dismiss the complaint made by counsel for the railroad companies should have been granted. (*Gallagher* v. *N. Y. C. R. R. Co.*, 120 Misc. Rep. 207; *La Goy* v. *Director General of Railroads*, 231 N. Y. 191; *Pouch* v. *Staten Island, etc., Ry. Co.*, 142 App. Div. 16; *Read* v. *N. Y. C.*

& H. R. R. R. Co., 123 App. Div. 228; *Joyce* v. *Brockett*, 205 App. Div. 770; 237 N. Y. 561; *Clark* v. *Traver*, 205 App. Div. 206; *Sheehan* v. *Coffey*, 205 App. Div. 388; *Woodard* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 369.)

*Howard R. Sturtevant* and *Noel S. Symons* for New York Central Railroad Company, appellant. There is no evidence in the record of any negligence on the part of the defendant New York Central Railroad Company, and assuming that the employees of the defendant Lehigh Valley Railroad Company were negligent in failing to give due, timely and adequate warning of the approach of the train, still they cannot be deemed employees of the defendant New York Central Railroad Company so as to make the latter liable for the death of the plaintiff's intestate. (*Culbane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 133; *Matutinovich* v. *N. Y. C. R. R. Co.*, 200 App. Div. 451; *Capitula* v. *N. Y. C. R. R. Co.*, 200 App. Div. 247; *Foley* v. *N. Y. C. & H. R. R. R. Co.*, 196 N. Y. 430; *Baesens* v. *N. Y. C. R. R. Co.*, 201 App. Div. 191; *Barnasky* v. *N. Y., O. & W. Ry. Co.*, 226 N. Y. 435.)

*Dana L. Spring* for respondent. No errors were committed by the court in connection with certain requests. (*Sipowitz* v. *L. V. R. R. Co.*, 189 App. Div. 175; 231 N. Y. 534; *Cordell* v. *N. Y. C. R. R. Co.*, 70 N. Y. 119; *Brown* v. *L. I. R. R. Co.*, 129 App. Div. 649; *Petrie* v. *N. Y. C. R. R. Co.*, 63 App. Div. 473; 171 N. Y. 638; *Dolan* v. *Del. & Hudson Canal Co.*, 71 N. Y. 285; *Hoyt Case*, 176 App. Div. 371; 224 N. Y. 586.) The defendants did not establish the contributory negligence of the plaintiff's intestate. (*Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233; *Davis* v. *International Ry. Co.*, 210 App. Div. 316; *Hoag* v. *N. Y. C. R. R. Co.*, 111 N. Y. 199.)

CARDOZO, Ch. J. Frank M. Baker met his death while a passenger in an automobile owned and operated by the defendant Vardon. He was struck at a crossing by an engine of the Lehigh Valley Railroad Company, moving

at high speed along the New York Central tracks. In an action by his administratrix to recover damages for his death, both the New York Central and the Lehigh Valley have been held chargeable with negligence. Fault has been imputed to the New York Central by reason of the conduct of a flagman in its service at the crossing; fault has been imputed to the Lehigh Valley by reason of the failure of its engineer to give warning, adequate and timely, of the coming of the train.

A network of tracks covers the crossing to the peril of a traveler and his possible confusion. As one looks to the east, there is first the New York Central roadbed. This consists of four tracks; the Lehigh Valley train was running on one of them. There is then an open space about fifty-eight feet long. Beyond is the roadbed of the Erie with separate tracks and trains. A flagman, hired by the Erie and the Central jointly, has his station in this open space. His duty is to flag the trains of all the lines, to the east and to the west.

On July 16, 1925, the car driven by Vardon turned from the main road, running north and south, and moved east along the crossing. At that moment an Erie engine had passed or was passing along the Erie tracks. The flagman stood with his back to the approaching travelers, a signal disc in his hand. Apparently he was giving warning of the danger on the Erie track, or so a traveler might infer. When the Erie engine had gone by, the flagman turned about. He was then facing Vardon's car, approaching at the other side. From the main or river road to the most westerly rail the space was only thirty feet. Perceiving the approaching car, the flagman walked forward along the open space and pointed to the wheels. Vardon applied the brakes, and brought the car to a standstill; it is possible he might better have gone on. The front of the car was over the westerly rail of the second track, along which a Lehigh Valley train was rushing at fifty miles an hour without warning-bell or whistle. Vardon and Baker jumped, the latter to his death.

We find no evidence of negligence in the conduct of the flagman. His employment made it necessary to flag two lines of railroad, separated by an open space over fifty feet in length. He could not face both ways at once. He had to do the best he could. Very likely his position had a tendency to confuse a traveler's perceptions. He seemed from his attitude to be giving signal of the danger on the Erie. Then he faced about and walked forward. The mind of an observer might not perceive at once that he meant to give warning of a danger on the other side. The fault, however, was not his. He cannot fairly be charged with the want of reasonable vigilance. He pointed his staff at the Vardon car, and halted its advance, when he saw what was about to happen. The warning came too late because of the perils of the crossing.

We think the case against the Central fails; by concession it was not negligent unless its flagman was at fault.

The case against the Lehigh Valley rests upon a different basis. There is evidence that its train approached the crossing without sounding bell or whistle. We cannot say that the presence of the flagman was a signal so obvious as to justify abandonment of every other safeguard for the protection of the traveler. Doubtless there are crossings where nothing more should be required. A flagman may be in such clear view that only recklessness could mistake the meaning of his presence. All depends upon the circumstances. Here the network of tracks and the intervening space were diverting and misleading, or so the triers of the facts might say. The law does not hold that a flagman thus stationed is a warning so arresting as to dispense with any other. The needs of the occasion must be measured by a jury.

Contributory negligence is urged, but again the jury must decide. If Vardon, the driver, were the plaintiff, a different question would be here. The actual question is one as to the contributory negligence, not of driver,

but of passenger. The case being a death one, the burden of proof as to this issue was laid on the defendant (*Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345; *Chamberlain* v. *Lehigh V. R. R. Co.*, 238 N. Y. 233). Baker may have given warning, and his warning may have been unheeded. There is testimony by Vardon that he was silent, but Vardon was a hostile witness. Nor is this the only explanation whereby Baker would be cleared of fault. Believing the car was about to stop, he may have thought that warning would be needless, and discovering too late that the car was going on, he may have thought that interference would be dangerous. These and like possibilities were to be estimated by the triers of the facts. They make it impossible to deal with the issue as a question for the court.

There was no error in the charge, or none so substantial as to call for a reversal. The trial judge was not required to say that the engineer did his full duty by sounding his bell or whistle at the particular intervals specified in the requests submitted by the defendants. The intervals would vary with the place and the occasion. It was enough to say that he should give such signals as might reasonably seem to be adequate and timely in the light of the existing circumstances (*Sipowicz* v. *Lehigh Valley R. R. Co.*, 189 App. Div. 715, 719; 231 N. Y. 534; *Petrie* v. *N. Y. C. & H. R. R. R. Co.*, 63 App. Div. 473; 171 N. Y. 638; *Vandewater* v. *N. Y. & N. E. R. R. Co.*, 135 N. Y. 583, 588; cf. Penal Law, § 1985).

The judgment of the Appellate Division and that of the Trial Term against the defendant the New York Central Railroad Company should be reversed, and the complaint as to that defendant dismissed, with costs in all courts.

The judgment against the defendant Lehigh Valley Railroad Company should be affirmed, with costs.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.