LUEL LAMBERTON, as Administrator, etc., of ORVILLE LAMBERTON, Deceased, Respondent, *v*. THE DELAWARE AND HUDSON COMPANY, Appellant.

Third Department, May 13, 1931.

*Joseph Rosch* [*Daniel P. Loomis* of counsel], for the appellant.

*Feinberg & Jerry* [*Benjamin F. Feinberg* and *Harold A. Jerry* of counsel], for the respondent.

HILL, J. Plaintiff's intestate was killed in a grade crossing collision between the automobile in which he was a passenger and one of defendant's trains. The highway was a dirt road extending east and west, and was muddy and slippery on the day of the accident. The automobile was going westerly. The railroad extended north and south. The evidence justified the jury in finding defendant negligent for failing to give adequate and timely warning of the approach of the train.

The question of decedent's contributory negligence presents more difficulty. (*Schrader* v. *N. Y., C. & St. L. R. R. Co.*, 254 N. Y. 148; *Miller* v. *N. Y. C. R. R. Co.*, 226 App. Div. 205; affd., 252 N. Y. 546.) Decedent and a fellow-workman were riding in the automobile operated by their employer. The accident occurred upon the return trip from a residence about one mile east of the railway. Decedent was not familiar with the location and crossing before the day of the accident. The crossing, approached by an ascending grade, is about thirty feet higher than the road six hundred feet to the east. On the day in question the view to the north for this entire distance was partially obstructed until the depot, nineteen feet east of the track, had been passed. The obstructions were farm buildings, a hedge six to nine feet high, the passenger and freight depots, cattle yards and many piles of posts and railroad ties. Two hundred and sixty-six feet east of the crossing there was a small opening in the hedge through which a short section of the track about six hundred and forty-two feet north of the crossing was visible. The hedge ends ninety feet east of the crossing, and, for a distance, sections of the track were visible through the other obstructions. It is uncertain whether the train was passing over the sections of the track visible through these openings at the time when decedent was passing them, as the speed of the auto in which he was riding is unknown, all of the

occupants having been killed in the accident. Defendant's head trainman was from sixty to seventy-five feet from the crossing when he first saw the automobile. He was in the cab on the easterly side of the engine, which is forty feet in the rear of the pilot. The automobile was within fifteen or twenty feet of the track. It was moving, the witness was uncertain as to its speed, between six and sixteen miles an hour.

It is the duty of a passenger in an automobile approaching a railroad crossing to exercise vigilance and to be watchful and to look and listen, but he has no direct control over the progress of the vehicle. It is his duty to warn of impending peril, but the helpfulness of too frequent suggestions by a passenger is doubtful, and finally, if the vehicle is being driven in what seems to be a careless manner, he must choose between the danger incident to remaining in the car or that incident to jumping. The conduct of the driver of a vehicle under given circumstances may be negligent, while his passenger may be free from negligence. (*Baker* v. *Lehigh Valley R. R. Co.*, 248 N. Y. 131, 136; *LaGoy* v. *Director-General of Railroads*, 231 id. 191; *Hoag* v. *N. Y. C. & H. R. R. Co.*, 111 id. 199.)

The burden of proof as to contributory negligence in this death case is upon the defendant. Nothing is shown as to what either the decedent or his companions did. The time when decedent observed the approach of the train; whether or not he was looking to the south for the possible approach of a train from that direction during the brief interval when his view to the north was unobstructed; the warning, if any, that he gave to the driver; his opportunity to jump from the automobile before the collision and after the danger became apparent, are all matters of conjecture. "These and like possibilities were to be estimated by the triers of the facts. They make it impossible to deal with the issue as a question for the court." (*Baker* v. *Lehigh Valley R. R. Co.*, *supra*, 136.) The court was dealing with the negligence of the driver of an automobile in the *Schrader Case* (*supra*) where there was an unobstructed view of twelve to fifteen feet, and in the *Miller Case* (*supra*) where there was an unobstructed view of twenty-six feet. In view of the distinction made between the driver and a passenger, the *LaGoy Case* (*supra*), which deals with a passenger, is an authority more in point. Under the conditions here presented, the question of decedent's contributory negligence was for the determination of the jury.

The judgment should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.