JOSEPHINE SCHUCK, as Administratrix, etc., of THEODORE SCHUCK, Deceased, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, June 30, 1931.

Allen & McClary [*Arthur E. McClary* of counsel], for the appellant.

Abraham W. Feinberg, for the respondent.

PER CURIAM. Intestate and another passenger riding in the rear seat of a small sedan going westerly, were killed in a crossing collision with a train coming from the north. The driver, the other occupant of the car, survived. The railway track extended in a northerly and southerly direction, along the crest of a hill. The automobile came from the east up an irregular grade which averaged about six per cent. The highway is cut into the side of a hill. This forms a bank on the northerly side, which, with the hill farther to the north is heavily wooded. When approaching along the highway from the east, a train coming from the north would not be visible for any considerable distance until one was within fifty or sixty feet of the track. For that distance easterly from the track, the highway is nearly on the same level, with good visibility to the north. Continuing east, it descends, with the view becoming obscure, until at a point two hundred feet east of the track, the bank is eighteen or twenty feet high. This wooded bank and hill would tend to deaden the noise of an approaching train. The highway westerly of the tracks descends quite sharply, so that drivers of vehicles approaching the track in opposite directions would not be mutually visible, if they were to meet on the crest, until within about two hundred feet of each other. The driver of the automobile on this occasion estimates that just before he reached the track, he was proceeding at eight or ten miles an hour. When about the length of his automobile from the track, he saw the train. He thought it impossible to stop and so attempted to increase his speed. The intestate sat on the left or southerly side of the rear seat. The driver says that nothing was said by either of his passengers as he was approaching the tracks, that the intestate did not get out of the car, and that he does not know

whether he attempted to do so. The train approached the crossing at forty to forty-five miles an hour.

The evidence sustains the finding of defendant's negligence for failing to give adequate and timely warning of the approach of the train. As to contributory negligence, the burden is upon the defendant, and we are dealing with a passenger and not the driver. Plaintiff's intestate was required to exercise vigilance, to be watchful and to look and listen, both to the north and to the south. Also, automobiles or other vehicles approaching the crest of the hill from the opposite direction presented another hazard which required prudent and watchful care. The extremely slow rate at which the automobile approached the tracks might have justified an inference that the driver would stop the car. The intestate might, while exercising proper care, have been looking to the south for trains approaching from that direction, or straight ahead for automobiles or other vehicles, so that his first knowledge of the train came at the time the driver first saw it, when only ten feet from the track, and he may have failed in his attempt to jump. All these possible inferences make the question of contributory negligence one of fact rather than law. (*Baker* v. *Lehigh Valley R. R. Co.*, 248 N. Y. 131, 136.)

The judgment and order should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.