## KNIGHT v. BALTIMORE & O. R. CO.
### Civ. No. 3645.

District Court, W. D. New York.
April 30, 1948.

William J. Flynn, of Buffalo, N. Y., for plaintiff.

Strang, Bodine, Wright & Combs, of Rochester, N. Y., for defendant.

KNIGHT, District Judge.

Plaintiff, a citizen of New York State, sues defendant, a Maryland corporation, to recover $50,000 for the death of her intestate husband and $3,500 for damages to his motor truck, resulting from a grade crossing collision on July 26, 1947, in Cattaraugus County, N. Y., allegedly caused by defendant's negligence.

Defendant has moved to strike out from paragraph Eighth of the complaint the words "and that several accidents had occurred on said crossing prior to the accident in which plaintiff's intestate lost his life" and from paragraph Ninth the words "accidents having occurred at this

262

crossing prior to the accident herein described." "As tending to prove a railroad company's negligence at a crossing on a particular occasion, evidence of other accidents or of other acts of negligence on its part at the same crossing or at other crossings, is not admissible, unless the essential conditions surrounding the different occasions or places are the same, or the acts of negligence are continuous in their nature and near in point of time." 52 Corpus Juris, p. 411.

See Plough v. Baltimore & O. R. Co., 2 Cir., 164 F.2d 254, and cases cited: Cohn v. New York Cent. & H. R. R. Co., 6 App. Div. 196, 39 N.Y.S. 986; Parsons v. Syracuse, B. & N. Y. R. Co., 133 App.Div. 461, 117 N.Y.S. 1058; Zucker v. Whitridge, 205 N.Y. 50, 98 N.E. 209, 41 L.R.A., N.S., 683, Ann.Cas.1913D, 1250.

■ Whether evidence of prior accidents at this grade crossing will be admissible at the trial will depend on the kind of evidence offered. Allegations of prior accidents should not be allowed in the complaint, if objection is taken. They do not show that plaintiff is entitled to relief.—Rule 8(a) (2) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c,—and are not an essential element of plaintiff's cause of action. The objectionable words above-quoted may therefore be stricken from the complaint. Satink v. Holland Tp., D.C., 28 F.Supp. 67, 71; Massachusetts Bonding & Ins. Co. v. Harrisburg Trust Co., D.C., 27 F.Supp. 987, 988; C. F. Simonin's Sons, Inc., v. American Can Co., D.C., 30 F.Supp. 901, 902; Hirschhorn v. Mine Safety Appliance Co., D.C., 54 F.Supp. 588, 591.

■ Defendant has further moved to strike out from paragraph Eighth of the complaint the words "and that the defendant, with knowledge of the danger of said crossing should have sounded and given more than the ordinary crossing signals, especially in view of the fact that as said train approached said crossing, there were many buildings and obstructions along the right hand side of said highway; all of which matters the defendant had knowledge and under such circumstances should have exercised more care and given more than the ordinary crossing signals."

The only New York statute relating to grade crossing signals is found in sec. 1985 of the Penal Law, which reads in part as follows: "A person acting as engineer, driving a locomotive on any railway in this state, who fails to ring the bell, or sound the whistle, upon such locomotive, or cause the same to be rung or sounded, at least eighty rods from any place where such railway crosses a traveled road or street on the same level, except in cities, or to continue the ringing of such bell or sounding such whistle at intervals, until such locomotive and the train to which the locomotive is attached shall have completely crossed such road or street * * * is guilty of a misdemeanor."

It was held, however, in Vandewater v. New York & N. E. R. Co., 135 N.Y. 583, 588, 32 N.E. 636, 637, 18 L.R.A. 771:

"The statute, however, does not impose the duty upon the company, and, unless such duty is imposed by statute, the failure to give such signals cannot, as matter of law be regarded as a neglect of duty. * * * Of course the companies still owe a duty to the public at such crossings as elsewhere. That duty is to run their trains with care and caution and when they cross such roads it may well be that the failure to give due warning by whistle or bell, or in some other way, would be held, under all the circumstances, to be a failure to manage and run their train with proper care and caution, for which they would be liable to a party injured, if otherwise entitled to recover."

"The degree of care to be observed in the operation of steam-propelled trains, over country highways or city streets, must vary to meet the varying conditions present. It may be observed that the ever-abiding test of reasonable care is such a warning as will safeguard a prudent and observing user of a highway or street. The physical condition especially surrounding the dangerous grade crossing is an element to be taken into account in the submission of such question, and may be properly considered by the jury in applying the test

of reasonable care." Sipowicz v. Lehigh Valley R. Co., 189 App.Div. 175, 719, 179 N.Y.S. 243, 246, affirmed 231 N.Y. 534, 132 N.E. 877.

Citing this last case, CARDOZO, Ch. J. said, in Baker v. Lehigh Valley R. Co., 248 N.Y. 131, 136, 161 N.E. 445, 447: "It was enough to say that he (the engineer) should give such signals as might reasonably seem to be adequate and timely in the light of the existing circumstances."

The New York law regarding warnings at grade crossings is summarized in Cmuk v. Lehigh Valley R. Co., 2 Cir., 116 F.2d 569, on pages 571, 572. See also Plough v. Baltimore & O. R. Co., 2 Cir., 164 F.2d 254, 256.

The character of the grade crossing involved in this accident is a matter of evidence and the degree of care to be exercised by defendant railroad company is a matter for the court's instructions. It should not be pleaded.

Defendant's motion is therefore granted.