## KNIGHT v. BALTIMORE & O. R. CO.
### Civ. No. 3645.

District Court, W. D. New York.
May 6, 1948.

William J. Flynn, of Buffalo, N. Y., for plaintiff.

Strang, Bodine, Wright & Combs, of Rochester, N. Y., for defendant.

KNIGHT, District Judge.

Defendant moved to strike out certain allegations of the complaint and the motion was granted, the grounds for so doing being stated in this court's opinion dated April 29, 1948. D.C., 8 F.R.D. 261. Since then plaintiff has submitted a memorandum, which requires a reconsideration of the court's decision.

Plaintiff urges that the granting of the motion might tend to bring about the exclusion or rejection of certain evidence relating to the stricken allegations; that motions of this nature are not favored and the moving party must show prejudice; that the pleadings of today "no longer rise or fall by the former academic and metaphysical distinctions."

Besides four Federal decisions, plaintiff submits long excerpts from the 2d edition (1948) of Moore's Federal Practice. Moore says (sec. 8:13): "The courts have recognized that the function of pleadings under the Federal Rules is to give fair notice of the claim asserted so as to enable the adverse party to answer and prepare for trial."

In the allegations stricken from the complaint, defendant was given fair notice of the kind of evidence plaintiff proposes to offer. Defendant, however, insisted that these allegations be stricken. There is authority, cited in the opinion of April 29, 1948, for granting defendant's motion.

There is nothing in said opinion which precludes plaintiff, upon the trial of this action, from offering competent evidence of prior accidents at the grade crossing in question or proof that the view of defendant's engineer was obstructed by buildings near the crossing. In its opinion this court said: "Whether evidence of prior accidents at this grade crossing will be admissible at the trial will depend on the kind of evidence offered."

The complaint alleges in paragraph Eighth "that the operators in charge of said locomotives failed to sound necessary, proper, timely and adequate signals of the approach of said train; that the said crossing was a dangerous one." In its opinion the court quoted from Sipowicz v. Lehigh Valley R. Co., 189 App. Div. 715, 719, 179 N.Y.S. 243, affirmed 231 N.Y. 534, 132 N.E. 877, where it is said: "The physical condition especially surrounding the dangerous grade crossing is an element to be taken into account in the submission of such question, and may be properly considered by the jury in applying the test of reasonable care."

Upon further consideration the decision of this court striking the allegations from the complaint is affirmed.