## WANECKE v. NORTHWEST AIR-LINES, Inc., et al.
### No. 26764.

United States District Court
N. D. Ohio, E. D.
Jan. 25, 1950.

Harold S. Walters, Chicago, Ill., C. W. Sellers, Cleveland, Ohio, for plaintiff.

Ed. D. Crocker, McKeehan, Merrick, Arter & Stewart, M. C. Harrison, Wm. K. Thomas, all of Cleveland, Ohio, for defendant.

FREED, District Judge.

This is an action for wrongful death arising out of an accident involving airplane No. NC 93044, owned and operated by Northwest Airlines, Inc., and manufactured by the Glenn L. Martin Co. The latter moves to strike from the complaint certain language generally alleging the negligent manufacture of other airplanes of the type of NC 93044.

The plaintiff apparently included the language objected to as a prelude to the presentation of evidence of defects in other "Martin 202" airplanes in support of the central allegation that NC 93044 had been negligently manufactured. The admissibility of such evidence will be determined on trial. It is not affected by the presence in the complaint of this language, except perhaps insofar as the possibility of surprise has been obviated. Cf. Knight v. Baltimore & Ohio R. Co., D.C., 8 F.R.D. 256; Id., 8 F.R.D. 261.

Motions to strike are not regarded with favor and are ordinarily not granted unless the allegations attacked have no possible relation to the controversy or may prejudice the movant. Moore v. C. A. Olsen Mfg. Co., D.C., 7 F.R.D. 269. Although the language assailed perhaps may not perform any useful function in the complaint, prejudice to the defendant, in the event the proposed evidence is excluded at the time of trial, can be prevented either by proper instruction to the jury or by refusal to submit the pleadings to the jury.

Motion will be overruled.