PLUMMER et al. v. GLENN L. MARTIN CO. et al.

Civ. A. No. 26808.

United States District Court
N. D. Ohio, E. D.
April 25, 1950.

Harley J. McNeal, Cleveland, Ohio, Aikins, Loftus, MacAuley, Thompson & Tritschler, Winnipeg, Canada, for plaintiff.

McKeehan, Merrick, Arter & Stewart, Edward D. Crocker, Cleveland, Ohio, for defendant Northwest Airlines.

William K. Thomas, Cleveland, Ohio, for defendant Glenn L. Martin Co. and others.

JONES, Chief Judge.

This is a wrongful death action arising out of an airplane accident in the State of Wisconsin. Defendants are the corporation which manufactured the plane and the corporation which owned and operated it at the time of the accident. The Martin Company moves to strike from the complaint certain allegations relating (1) to the Wisconsin statute applicable to this action, (2) to the negligent manufacture of other planes and (3) to the right of a brother of the decedent to recover damages for his death.

■ Defendant objects to the inclusion in the complaint of the Wisconsin wrongful death statute in its entirety. Perhaps it was unnecessary to include the statute in the complaint for the court apparently must take judicial notice of the applicable state law. Inclusion of unnecessary material would seem to violate Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A., which calls for a short and plain statement of the claim. Rule 1, however, calls for a just, speedy and inexpensive determination of every action, and granting of a motion to strike for the sole purpose of making the complaint state a short and concise claim would clearly violate the mandate in Rule 1. The unnecessary allegations, then, must completely confuse the real claims or they must prejudice the other party. Moore v. C. A. Olsen Mfg. Co., D.C., 7 F.R.D. 269. There is no doubt here as to what plaintiff's claim is and the inclusion of the statute which governs the action cannot in any way prejudice the defendant. However, if at trial defendant can show possible prejudice because of the inclusion of the statute in the complaint, the trial court can remove the same by the simple expedient of withholding the complaint from the jury. There is, therefore, no need to strike the statute from the complaint.

■ The objections to the inclusion of the allegations relating to the negligent manufacture of other airplanes has been considered twice before by this Court. One of the previous decisions allowed the motion to strike because there was no opposition to the motion. Bursycki v. Northwest Airlines, 10 F.R.D. 408. The other case, Wanecke v. Northwest Airlines, 10 F.R.D. 403, states what would ordinarily be the ruling of this Court. The reasons given therein govern this action and are sufficient, in my opinion, to justify the denial of this branch of the motion to strike.

■ The motion to strike all allegations relative to the brother of the decedent and his right to recovery asks this Court to interpret the Wisconsin statute before trial and to hold that the brother has no right to damages. The Federal Courts seem to avoid the determination of legal issues presented by motions to strike. U. S. v. Bize, D.C., 86 F.Supp. 939; French v. French Paper Co., D.C., 1 F.R.D. 531; Goldwyn Inc. v. United Artists Corp., D. C., 35 F.Supp. 633. The courts apparently do not wish to eliminate any possible grounds for recovery before they have all the facts before them and they do not wish to give advisory opinions on an issue that may never be presented at trial. If it is, there is ample time before, during and after plaintiff's presentation of his case to decide, and eliminate if necessary, any factual and legal issue upon which plaintiff cannot recover. Such procedure allows plaintiff full opportunity to present all the facts of his case and any possible prejudice to defendant can be eliminated by proper instructions to the jury.

The motion to strike will be overruled.

The Court would like to be advised as to why it should be burdened with this litigation in view of Section 1404, Title 28 U.S.C.A.