## TINKER v. NORTHWEST AIRLINES, Inc., et al.
### Civ. No. 26778.

United States District Court
N. D. Ohio, E. D.
June 30, 1950.

See, also, 9 F.R.D. 703.

John H. Watson, Jr., Robert W. Wheeler, Cleveland, Ohio, for plaintiff.

Edward Crocker (of McKeehan, Merrick, Arter & Stewart) and M. C. Harrison, all of Cleveland, Ohio, for defendants.

FREED, District Judge.

The action is for wrongful death arising out of an airplane accident occurring in Wisconsin. Defendant Martin moves to strike certain matter from the complaint, for a statement in separate counts, and for a dismissal of the second cause of action.

■ Assuming, arguendo, that the wrong measure of recovery has been stated, the motion to strike need not be granted. No prejudice to the defendant will result for the jury will be instructed on the correct measure of damages after all the facts are fully developed at trial and the pleadings need not necessarily be sent to the jury. Cf. Plummer v. Glenn L. Martin Co., D.C., 10 F.R.D. 395.

■ The separation of claims into individual counts is mandatory only where separation will facilitate clear presentation. Fed.Rules Civ.Proc. rule 10(b) 28 U.S.C.A. Assuming that the complaint intermingles four separate claims, as defendant contends, the fact that the defendant has been able to ascertain the precise nature of the claims against it demonstrates that little will be gained by requiring a separate statement. The matters raised in defendant's brief on the present motion can be asserted in its answer. It should be parenthetically noted that a motion for summary judgment on the claim for pain and suffering before death may not be tenable for there may be a genuine issue as to the material fact of the time of decedent's death which can only be resolved after all the facts are developed at trial.

■ The motion to dismiss is not well taken. If it transpires at trial that there is no cause of action in favor of the estate of the decedent, then the plaintiff is entitled to sue as an individual. It is therefore impossible to hold that the second count fails to state a claim. The cases cited by defendant deal with the requirements of state and not federal pleading.